BARRINGER *v.* ARNOLD.

1. AUTOMOBILES — NEGLIGENCE — QUESTION FOR JURY — EVIDENCE — SUDDEN EMERGENCY.

Negligence of northbound defendant was an issue properly left to jury, where conflicting testimony was presented as to why collision took place with plaintiff's southbound car on west side of 24-foot blacktop road late in the afternoon in mid-February, defendant having claimed a third party entering the highway created a sudden emergency.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 1074.
"Emergency rule" as applied to automobile drivers. 79 ALR 1277; 111 ALR 1019.
[2] 5A Am Jur, Automobiles and Highway Traffic § 212.
[3, 4] 38 Am Jur, Negligence § 63.
[5] 38 Am Jur, Negligence § 64.
[6] 5A Am Jur, Automobiles and Highway Traffic § 238.
[7–9] 20 Am Jur, Evidence §§ 187, 188.
Presumption or inference from party's failure to produce witnesses within his control, as affected by his introduction of some evidence on the matter in question. 135 ALR 1375.

2. NEGLIGENCE—EMERGENCY—INSTRUCTIONS.

Claim of prejudicial error with respect to charge as to emergency doctrine *held*, not well-founded, where immediately after reference to the effect of a sudden emergency the jury was charged that such doctrine would not apply if the emergency was brought about by negligence of the party who sought to invoke its benefit.

3. SAME—CONCURRENT ACTS OF NEGLIGENCE.

An injury and cause of action may result from more than 1 concurring act of negligence.

4. SAME—CONCURRENT NEGLIGENCE—PROXIMATE CAUSE.

Recovery may be had against 1 or more persons whose concurrent acts of negligence proximately contributed to the resultant injury to plaintiff.

5. SAME—PROXIMATE CAUSE.

It is not essential to plaintiff's recovery from a single defendant that his negligence be the sole proximate cause of plaintiff's injury as there may be 2 proximate causes of an accident.

6. AUTOMOBILES—NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS.

Charge to jury in southbound motorist's action against northbound motorist for injuries sustained in westerly portion of 24-foot blacktop road, which permitted jury to have understood that defendant was not liable unless his negligence was the *sole* proximate cause of the accident, even though it also may have been due in part to negligence of a third party who entered the street in front of defendant, constituted prejudicial error, since there may be more than 1 proximate cause of an accident.

7. EVIDENCE—FAILURE TO PRODUCE—PRESUMPTION.

Rule that failure to produce evidence within a party's control raises a presumption that, if produced, it would operate against him is directed against the suppression of proof that should be produced to assist in a proper determination of pending litigation, but it does not apply where the evidence is not within the control of the party against whom the presumption would operate nor to evidence which would be merely cumulative.

8. SAME—OMISSION TO CALL WITNESS TO PRESENT CUMULATIVE TESTIMONY.

The mere omission of a party to a civil action to call a witness who, at most, has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily suspicious, entitling the adverse party to every presumption to his prejudice.

9. AUTOMOBILES—INSTRUCTION—FAILURE TO CALL PASSENGER AS A
   WITNESS.

   The omission of plaintiff to call mother of plaintiff wife as a
   witness to accident between car in which she was a back-seat
   passenger and defendant's car which had been proceeding in
   the opposite direction did not entitle defendant to instruction
   that her testimony presumably would, if she had been called
   as a witness, have operated against plaintiff, where she was
   not a resident in plaintiff's home, was in no better position
   to observe than plaintiff, and was as available to defendant as
   to plaintiff, hence the giving of such instruction was reversible
   error.

Appeal from St. Clair; Kane (Edward T.), J.
Submitted January 7, 1960. (Docket No. 30, Calendar No. 47,812.) Decided February 25, 1960.

Case by Betty Barringer against John Arnold and
Robert L. Vossen for personal injuries sustained in
automobile collision. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Schlee, McIntosh, Simpson & Oppliger,* for plaintiff.

*Said M. Touma* and *Loyall G. Watson,* for defendants.

CARR, J. Plaintiff brought this action in circuit
court to recover damages for personal injury sustained in a traffic accident. On February 15, 1957,
at about 5 o'clock in the afternoon, she was riding in
an automobile driven by her husband in a southerly
direction on a public street in the city of St. Clair. A
motor vehicle owned by defendant Arnold and driven
by defendant Vossen was at the time proceeding in
a northerly direction on said street. For reasons
that are in dispute the cars came in contact on the
west side of the traveled portion of the highway, a

blacktop road approximately 24 feet in width at the point in question. As a result of the collision plaintiff was injured.

In the declaration filed in the case plaintiff alleged that Vossen, hereinafter referred to as the defendant, was negligent in the operation of the automobile owned by Mr. Arnold and driven at the time with his knowledge and consent. Specifically it was charged that defendant was driving at an excessive rate of speed, that he did not have his vehicle under proper control, that he was proceeding in a careless and heedless manner, and that he negligently crossed the center line of the highway. It was the claim of the defendant on the trial of the case in circuit court that he was not driving at an excessive rate of speed or otherwise in a negligent manner, that an automobile suddenly came from a private driveway and entered the highway in front of him, that he attempted to avoid striking said car by turning to his left, that he then observed the proximity of the Barringer car, and that in endeavoring to avoid a collision with either of the vehicles he applied his brakes in an attempt to "spin" his car on the pavement. His testimony in this respect is corroborated to some extent by that of a police officer of the city of St. Clair who arrived on the scene shortly after the accident had occurred, and who testified as to the skid marks that he observed on the pavement. It further appears that the Barringer car was damaged on its left side and the condition of the defendant's vehicle after the impact indicated that the front right corner thereof had come in contact with the automobile in which plaintiff was riding.

A witness on behalf of defendant corroborated the latter's claims as to the attempted spinning operation and also the entrance into the highway of an automobile driven by a third party. Plaintiff and her husband both denied observing any such other vehicle.

It was their claim in substance that defendant crossed the center line of the road and thereby caused the accident. The case was tried before a jury which returned a verdict in favor of defendants. Plaintiff's motion for a new trial was denied, and she has appealed. It is claimed in her behalf that certain prejudicial errors occurred in the course of the trial of such character as to constitute grounds for reversal.

At the conclusion of the proofs counsel for plaintiff requested that the court instruct the jury that defendant was guilty of negligence as a matter of law. The trial judge denied the request, and properly so. The testimony was in dispute as to how and why the accident occurred. Defendant in his testimony denied operating his vehicle in a negligent manner. It was his claim that he was confronted by a sudden emergency that resulted from the act of a third person whose identity was not disclosed by the proofs on the trial, that he was not responsible for the occurrence of such emergency, that faced therewith he undertook to avoid the accident by resorting to the attempted action described by him, that he knew that it was possible to spin an automobile and bring it to a sudden stop in that manner, that he had previously undertaken to do so, with success, and that no other possible way of avoiding a collision occurred to him at the time. Plaintiff's proofs were at variance with those of defendant. Under the circumstances it rested with the jury as the trier of the facts to weigh the testimony of the witnesses and to determine on the basis of all the evidence in the case the issue as to defendant's negligence.

Complaint is also made that the trial judge in submitting the case to the jury charged with reference to the so-called emergency rule without specifically referring in the first instance to the qualification of said rule, in other words, without advising the jury that the rule would not apply if the emergency resulted

from the conduct of the one seeking to invoke its
benefit. However, immediately following the refer-
ence to the effect of a sudden emergency the jury was
charged as follows:

"The emergency doctrine in law means that a per-
son who is operating a motor vehicle and suddenly
is faced with an unusual or unsuspected situation is
required to act as a reasonably prudent man would or
might act under the same or similar circumstances;
that is, act as a reasonably prudent man would under
like circumstances, however, if this emergency is
brought about by his own carelessness and reckless-
ness or negligent acts, then the emergency doctrine
itself, of course, does not apply. If in this case you
find that there was an emergency situation but you
find that Mr. Vossen's acts brought about this situa-
tion, you will not then apply the emergency doctrine
to the case as I have previously given it to you."

In view of the language quoted we do not think that
there could have been any misunderstanding on the
part of the jurors as to the proper application of the
emergency rule. The claim of prejudicial error in
the charge with reference thereto is not well-founded.

Complaint is also made on behalf of appellant that
in the charge to the jury repeated references were
made to "the proximate cause" of the accident and
plaintiff's injuries therein. It is contended that the
jury might have understood that there was no liabil-
ity unless the negligence of the defendant was the
*sole* proximate cause of the collision of the automo-
biles. This Court has repeatedly held that an injury
and cause of action may result from more than 1
concurring acts of negligence. Thus in *Gleason* v.
*Hanafin,* 308 Mich 31, 37, it was said:

"There may be 2 contributing causes of an injury.
*Welch* v. *Jackson & Battle Creek Traction Co.,* 154
Mich 399. Where injury results from concurrent
negligence of 2 or more persons, each proximately

contributing to the result, recovery may be had against 1 or more. *Banzhof* v. *Roche*, 228 Mich 36. It is not essential to recovery that defendants' negligence be the sole cause of plaintiff's injury. *Camp* v. *Wilson*, 258 Mich 38. There may be 2 proximate causes of an accident. *Fitzcharles* v. *Mayer*, 284 Mich 122 (3 NCCA NS 565); *Bordner* v. *McKernan*, 294 Mich 411; *Wallace* v. *Kramer*, 296 Mich 680."

See, also, *Tracy* v. *Rublein*, 342 Mich 623, 631.

In *Sedorchuk* v. *Weeder*, 311 Mich 6, the Court, citing prior decisions, recognized the principle of law that there may be more than 1 proximate cause of an accident and held that the trial judge committed reversible error in referring throughout his charge to the jury to "the proximate cause." The Court declared (p 11) that the charge as given "was tantamount to an instruction that, before plaintiff could recover, he must show that defendant's negligence was 'the sole' proximate cause of the accident." Under the proofs in the instant case the jury may have concluded that the party proceeding from the private drive to the public highway (assuming the correctness of defendant's proofs), or the driver of the automobile in which plaintiff was riding, or both, were guilty of negligence constituting contributing factors to the accident, and that defendant's negligence, if such there was, was not the sole proximate cause. In view of the proofs it is quite possible that the form of the charge as given resulted in prejudice to plaintiff's right to recover. Such being the case it must be considered erroneous.

At the time of the accident plaintiff and her husband were riding in the front seat of their automobile. In the rear seat were Mrs. Barringer's mother, Mrs. Hattie Martin, and 2 small children. At the time of the trial Mrs. Martin, as appears from the testimony, was 76 years of age. She was not called as a witness nor was any explanation offered on behalf of either

party as to why she was not produced.   At the request of defendant the trial court charged the jury as follows:

"In this case, the record shows that Mrs. Martin, the mother of Mrs. Barringer, was a passenger in the Barringer auto at the time of the accident and she has not been here produced as a witness nor has her absence been explained.   The failure or refusal of a party to produce evidence within his possession or control raises a presumption that the evidence, if produced, would have operated against him and in your deliberation in this case you are entitled to assume that if Mrs. Martin were produced as a witness, her testimony would be unfavorable to the claim of the plaintiff in this case."

On behalf of plaintiff it is insisted that such charge was erroneous and prejudicial.   It is claimed in substance that defendant might have subpoenaed Mrs. Martin had her testimony been desired.   It is further urged that, inferentially at least, her testimony, had she been a witness, would have been merely cumulative to that of plaintiff and her husband.   Plaintiff's argument is in substance that under the facts involved in the case no inference prejudicial to her should be permitted to be drawn because of the fact that she did not produce her mother as a witness in her behalf.

In *Brandt* v. *C. F. Smith & Co.,* 242 Mich 217, 222, it was said:

"Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party.   *Cole* v. *Lake Shore & M. S. R. Co.,* 81 Mich 156; *Griggs* v. *Saginaw & F. R. Co.,* 196 Mich 258."

Involved in the case was the alleged failure of the defendant to produce its records, and also officers and agents that presumably had knowledge of the

transactions involved in the litigation. Of like import is *Leeds* v. *Masha*, 328 Mich 137, which was an action for damages sustained in an automobile accident. One of the defendants, who was the driver of the vehicle owned by the other defendant, was not called as a witness nor was any explanation made as to the failure to call him. The rule as generally stated permits the raising of the inference referred to by the trial judge in his charge to the jury when the failure or refusal of a party to produce evidence has reference to the proof, or means of proof, subject to the "control" of such party. The circuit judge correctly stated the rule, but the question before us is whether it is applicable under the facts here presented.

The record discloses that Mr. and Mrs. Barringer resided at the time of the trial, as well as at the time of the accident, in the city of St. Clair. Mrs. Martin lived in Marysville. In other words, she was not a member of the household of the plaintiff. No claim is made that defendant was not aware of the fact that Mrs. Martin was a passenger in the Barringer car at the time of the occurrence on February 15, 1957. Neither is there any claim that she could not have been subpoenaed as a witness on behalf of the defense. In other words, it does not appear that the evidence that plaintiff did not produce was subject to her control and not equally available to the defendant. Furthermore, in order that the inference referred to in the charge of the trial court may properly be drawn the evidence involved may not be merely cumulative. In the final analysis the rule in its development and in its application has been and is directed against the suppression of proof that should be produced to assist in a proper determination of the pending litigation.

In *Cross* v. *Lake Shore & M. S. R. Co.*, 69 Mich 363 (13 Am St Rep 399, 9 Am Neg Cas 464), plaintiff

claimed that she was injured as the result of negligence on the part of defendant in the maintenance of its grounds. Another party was injured at the same time in like manner. Such other party was not called as a witness, and counsel for defendant requested the court to charge the jury that the unexplained failure to call such other injured party was a matter that the jury might consider and conclude therefrom that such testimony, had it been produced, would have been injurious to plaintiff. The trial court refused to so charge, indicating as the reason therefor that the witness was equally available to defendant as well as to the plaintiff. Commenting thereon in the opinion on appeal, it was said (p 369):

"We think the court was correct in his refusal, and right as to the presumption. If she was within reach of the process of the court, either party had, as far as the record shows, equal facilities for bringing her into court as a witness; and the mere fact that either failed to do so raised no presumption that she would testify against their particular theory of the accident."

In *Bleecker* v. *Johnston,* 69 NY 309, an action was brought against copartners on an alleged contract of employment. One of the defendants testified but the other did not. The trial judge charged the jury in substance that the inference might be drawn from the nonproduction of such other defendant that his evidence would not be beneficial to defendants. This was held to be error, the court of appeals holding that there was no duty to call all witnesses within reach, and that the failure to do so did not imply a fraud or a design to suppress the truth. The judgment in favor of plaintiff was reversed because of the error. This Court in *Cole* v. *Lake Shore & S. M. R. Co.,* 81 Mich 156, 161, quoted with approval from the opinion in the New York case, as follows:

"The mere omission of a party to a civil action to call a witness who, at the most, has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily suspicious, entitling the adverse party to every presumption to his prejudice."

See, also, *Macklem* v. *Warren Construction Company*, 343 Mich 334, 338.

In *Gibbons* v. *Delta Contracting Co.*, 301 Mich 638, the action was brought to recover damages resulting from a collision between plaintiff's automobile and defendant's truck. At the time of the collision one Louis Dain was riding in the truck with the driver. He was not called as a witness by defendant, and counsel for plaintiff in his argument to the jury commented on such failure. The trial judge charged the jury with reference to the matter, pointing out that Dain had been in the courtroom during part of the trial, and further stating to the jury that:

"You are charged that either party had the right to call Louis Dain as a witness, he being available to the process of this court, Dain being a resident of Watersmeet, Gogebic county, Michigan. You are further charged that counsel for either party to this litigation had the right to make such proper comments on the failure to call Louis Dain as the facts warranted."

This Court held (p 650) that neither the argument by plaintiff's counsel nor the court's instruction to the jury constituted reversible error. It was recognized, in other words, that either party had the right to call the witness. A like situation existed in the case at bar.

In recognition of what appears to be the general rule on the subject, it is said in 31 CJS, Evidence § 156, p 858:

"It has been laid down in a large number of cases that where a witness is equally available or accessible to both parties, no presumption or inference against either party can arise by reason of his failure to call such witness."

Likewise, in 20 Am Jur, Evidence, § 189, p 193, it is stated that:

"Furthermore, it is a general rule that a party is not to be prejudiced by his failure to call a witness who is equally available to the other party."

Under the circumstances indicated by the proofs in the instant case we conclude that the trial judge was in error in giving defendant's request with reference to plaintiff's failure to call Mrs. Martin as a witness. Counsel for defendant knew that plaintiff's mother was riding in the Barringer automobile and might have subpoenaed her as a witness if they had desired to do so. Plaintiff and her husband were occupants of the front seat and presumably in a better position to make observations as to the movements of defendant's car than was Mrs. Martin. The failure to call all the witnesses to a transaction gives rise to no prejudicial inference if it may reasonably be anticipated that the witnesses not called would give merely cumulative testimony. At most it was merely a matter of argument by counsel as to the conclusion that might be drawn from the fact that Mrs. Martin was not produced by either party.

For the errors indicated the judgment must be reversed, and the case remanded for a new trial. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.