MIDDLETON v. SMIGIELSKI.

1. APPEAL AND ERROR—QUESTIONS OF FACT IN ACTION AT LAW—GREAT WEIGHT OF THE EVIDENCE.

The Supreme Court is not the trier of the facts in an action at law and will not substitute its judgment on questions of fact unless. the verdict is clearly against the great weight of the evidence and the verdict is plainly a miscarriage of justice.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 896, 899, 890.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 341, 342, 351, 352.
   Liability for damage or injury by skidding motor vehicle. 58 ALR 264, 113 ALR 1002.
[3] 53 Am Jur, Trial § 842.
[4] 5A Am Jur, Automobiles and Highway Traffic § 1099.

2. AUTOMOBILES—ICE-COVERED BRIDGE ON OTHERWISE WET HIGHWAY —REAR-END COLLISION.

Verdict for defendants in action arising from rear-end collision on limited access highway bridge *held*, not contrary to the great weight of the evidence, where it appears that bridge on which collision occurred was ice-covered and preceding portions of highway, although wet, were not icy.

3. APPEAL AND ERROR—INSTRUCTIONS VIEWED IN ENTIRETY.

A judge's charge to the jury must be viewed in its entirety to determine whether or not it is erroneous.

4. AUTOMOBILES—REAR-END COLLISION—PROXIMATE CAUSE—SUDDEN EMERGENCY—INSTRUCTIONS.

Trial judge's instructions to jury relative to proximate cause and application of sudden emergency doctrine to rear-end collision on ice-covered bridge on limited access highway that was elsewhere only wet *held*, not to contain reversible error by reason of the fact that the term "proximate cause" was preceded by word "the" in such a way as to limit erroneously finding of more than 1 proximate cause.

Appeal from Jackson; Simpson (John), J. Submitted October 18, 1961. (Docket No. 91, Calendar No. 48,818.) Decided May 17, 1962.

Case by Edwin C. Middleton against Edward Smigielski and Casmir E. Smigielski for personal injuries and property damage resulting from rear-end collision of automobiles. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Rosenburg, Painter, Stanton & Bullen* (*Lawrence L. Bullen,* of counsel), for plaintiff.

*Burke, Burke & Ryan,* for defendants.

OTIS M. SMITH, J. This case is on appeal from an order denying plaintiff's motion for a new trial. The motion was made after the jury, in an automobile negligence case, returned a verdict in favor of the defendants.

The appellant urges 2 grounds for reversal: First, that the verdict of the jury was contrary to the great weight of the evidence; and second, that the trial

judge's instructions as to proximate cause were erroneous. A third ground, which was claimed and briefed by appellant, was withdrawn at the time of oral argument before this Court.

The accident in question was a rear-end collision occurring on a long bridge made slippery by ice which had formed thereon due to weather conditions. The bridge is located north of Jackson and is part of the limited access 4-lane divided highway then designated as US–12. Although the bridge was slippery from the ice, the other portions of the highway were wet but not frozen. The weather was described as dark, rainy and misty. The day was December 25, 1957, and the hour approximately 11 a. m.

The plaintiff was driving his car in a westerly direction. The defendant, Edward Smigielski, was driving an automobile owned by his father, Casmir E. Smigielski, and was also traveling in a westerly direction. As the plaintiff reached the easterly edge of the bridge, the rear end of his car skidded somewhat on the ice. He then removed his foot from the accelerator in order to remedy the skidding. This slowed the car down to a speed of between 15 and 20 miles per hour, testified the plaintiff. A short time later, plaintiff's car was jolted by defendant's car as the left front part of defendant's car collided with the right rear portion of plaintiff's car. Injury and damages were suffered by the plaintiff as a result.

Except as to the respective positions of the cars at the time of the accident, the facts are scarcely in dispute. The record does not disclose that there were any witnesses to the collision other than the plaintiff, his son, who was riding with him, and the defendant driver, Edward Smigielski. Neither plaintiff nor his son saw defendant's car until after the crash. Only the defendant, Edward Smigielski,

could testify to the various positions of his car before it struck that of plaintiff.

Plaintiff entered the expressway, US–12, at the Cooper street entrance, which was approximately 300 feet east of the bridge. That portion of the highway on which he traveled east of the bridge was said to be wet but not icy. The defendant, Edward Smigielski, drove onto the same highway at the Elm street entrance which is approximately 3/4 of a mile east of the Cooper street entrance. Likewise he testified that the portion of the highway upon which he traveled before reaching the bridge was not icy.

Defendant driver, Edward Smigielski, testified that when he first saw plaintiff's car he was about 600 or 700 feet east of the icy bridge upon which plaintiff had just entered. Although plaintiff's car was straddle the 2 westbound lanes of the expressway bridge at the time defendant Edward Smigielski first noticed it, Smigielski denies seeing plaintiff's car skidding. Smigielski said that he had no notice of the icy conditions until his car entered upon the bridge. He then immediately applied his brakes, went into a skid, crashing into the rear end of the plaintiff's car about midway the bridge. Smigielski agreed that he skidded approximately 300 feet before striking plaintiff's car.

The appellant first argues that the verdict of the jury was contrary to the great weight of the evidence. He makes a number of not unreasonable inferences from the facts, and concludes that the evidence preponderates in favor of his claim. Of course, this Court is not the trier of the facts; therefore, we do not substitute our judgment on questions of fact unless they clearly are against the weight of the evidence. While this Court might have reached a different conclusion had it been the trier of the facts, it will not hold as a matter of law that the verdict of the jury is contrary to the great weight

of evidence unless after a careful review of the record it is plainly a miscarriage of justice. *Murchie* v. *Standard Oil Co.,* 355 Mich 550. Being fully cognizant of the nature of the accident, we have reviewed the record exhaustively. We are not able to conclude from this review that the verdict is manifestly against the weight of the evidence.

Next, the appellant complains of the trial judge's instructions as to proximate cause. In substance, he contends that whenever the trial judge referred to "proximate cause" he used the article "the" at the beginning of the phrase which, he says, must have resulted in a conclusion by the jury that the negligence of the defendant would have to be the sole proximate cause of the accident. He argues that this method of statement effectively removed from consideration of the jury the possibility that the ice and the negligence of defendant could have concurred to cause the accident.

It is fundamental that the judge's charge must be viewed in its entirety. In his charge to the jury the trial judge first reviewed the testimony in the case. The manner in which this was done was ample in its attention to both sides. Then the trial judge instructed the jury generally in the law of negligence, including such elements as to what constitutes negligence, proximate cause, and other matters normally associated with such a general charge. At the request of the plaintiff, he then instructed the jury as to the assured clear distance rule (PA 1949, No 300, § 627 [CLS 1956, § 257.627], as amended by PA 1957, No 190 [Stat Ann 1957 Cum Supp § 9.2327]), and the law relating to rear-end collisions. CLS 1956, § 257.402 (Stat Ann 1960 Rev § 9.2102). He explained that the defendant claimed that his skidding resulted from ice being unexpectedly on the bridge and thereupon gave his instructions regarding the so-called sudden emergency doctrine. By

the way of explaining the doctrine, the trial judge advised the jury as follows: "If the defendant did discover the peril—the ice in this case—and did nothing about it, or in the exercise of reasonable care should have discovered the ice, and if this failure to either act upon the discovery of the ice or the failure to discover the peril at all contributed to the emergency, the sudden emergency doctrine does not apply and is no excuse, and the defendants may be found guilty of negligence and the plaintiff can, therefore, recover damages."

At the request of the defendants, the trial judge instructed the jury as to whether the defendant driver acted as a reasonably prudent person under the circumstances emphasizing that if the skid occurred unexpectedly through no fault of the driver who had no reason to anticipate the condition, then he could not be charged with negligence.

The jury was unable to agree on the day of the conclusion of trial but returned the next day, at which time the trial judge reinstructed the jury as to the definition of negligence. Upon the request of 1 juror, he reinstructed in the sudden-emergency doctrine. The alert counsel for the plaintiff then requested additional instructions to the jury of 2 of his requests. These pertain to the application of the so-called sudden-emergency doctrine based upon plaintiff's viewpoint of the facts. The judge complied. After a review of the trial judge's charge in its entirety we find no reversible error.

Affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

ADAMS, J., took no part in the decision of this case.