KISSEL v NELSON PACKING CO.

Docket No. 78-101. Submitted June 8, 1978, at Grand Rapids.—Decided November 7, 1978.

Plaintiff Ervan K. Kissel brought an action against defendants Nelson Packing Co., a partnership, and Robert H. Nelson and Juanita N. Nelson, partners, for damages for injuries sustained through defendants' alleged negligence. Defendants hired Dr. Douglas H. Giese who examined plaintiff, at defendants' request. Plaintiff scheduled a deposition of Dr. Giese and at the appointed time defendants provided plaintiff with a copy of the examination report but refused to allow the doctor to be deposed. Plaintiff moved the court for an order allowing the deposition and the Mason Circuit Court, Charles A. Wickens, J. denied the motion and ruled that neither party might call Dr. Giese as a witness at trial. Plaintiff appeals by leave granted. *Held:*

1. The work-product doctrine does not apply to protect Dr. Giese's testimony from discovery or to prevent its being offered by plaintiff and admitted at trial.

2. Since no party should be bound by the rejected opinions of experts employed by him to assist in evaluating his case, the fact of Dr. Giese's original employment by defendant may not be disclosed at trial.

Reversed and remanded with instructions.

1. WITNESSES—TRIAL—DEPOSITIONS—EXPERT WITNESSES—MEDICAL DOCTOR—PARTIES' RIGHT TO DEPOSITIONS.

The work-product doctrine does not apply to the testimony of a doctor hired by a defendant in a negligence action to examine the injured plaintiff; the plaintiff is entitled by court rule to depose the doctor as a person having knowledge of relevant facts and may subpoena him to testify to the examination at trial regardless of whether or not the defendant intends to employ the testimony of the doctor at trial (GCR 1963, 302.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery §§ 199, 200, 229.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 199, 200.

2. WITNESSES—EXPERT WITNESSES—TRIALS—DISCLOSURE OF EMPLOY-
    MENT BY ADVERSE PARTY.

    A plaintiff who employs the testimony of an expert originally
    employed by an opposing party may not disclose the fact of his
    original employment since it is not pertinent and neither party
    should be bound by the rejected opinions of experts employed
    by him to assist in evaluating his case.

*Warner, Norcross & Judd* (by *Ernest M. Sharpe*
and *Jeffrey O. Birkhold),* for plaintiff.

*White, Spaniola, Knudsen, Stariha & Potuznik,
P.C.* (by *Darrel G. Brown),* for defendants.

Before: DANHOF, C.J., and V. J. BRENNAN and
R. H. CAMPBELL,* JJ.

V. J. BRENNAN, J. This is an interlocutory ap-
peal by plaintiff, Ervan K. Kissel, from the lower
court's order denying plaintiff's motion to allow
further discovery by way of deposition of defend-
ants' expert medical witness who had examined
plaintiff, but was not to be called by defendants at
trial.

The present appeal arose out of a negligence
action brought by plaintiff for alleged injuries
sustained on defendants' premises. On November
22, 1977, the plaintiff submitted to an independent
medical examination by Dr. Douglas H. Giese as
arranged by the defendants pursuant to GCR 1963,
311. Defendants then scheduled Dr. Giese's deposi-
tion for December 13, 1977, and on that day plain-
tiff was provided with a copy of the examination
report. At the scheduled time for the deposition,
the defendants' attorney met with Dr. Giese pri-
vately and then advised plaintiff that the doctor's
deposition would not be taken.

Plaintiff then moved for an order allowing the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

deposition of Dr. Giese. The trial court on January 10, 1978, ruled that the doctor was the defendants' witness, and since the defendants did not intend to use the doctor's testimony, the plaintiff could neither depose nor subpoena him for trial. The plaintiff appeals the lower court's order.

Our inquiry focuses upon the following question: Whether a medical doctor employed by a party to examine the opposite party, but who is not to be called to testify by his employer, may be deposed or called as a witness by the opposite party?

It must be noted that Michigan has a strong historical commitment to a far-reaching open and effective discovery practice, and to that end the Court has repeatedly emphasized that discovery rules are to be liberally construed. *Daniels v Allen Industries, Inc,* 391 Mich 398, 403; 216 NW2d 762 (1974); *Hallett v Michigan Consolidated Gas Co,* 298 Mich 582; 299 NW 723 (1941).

GCR 1963, 302 provides in pertinent part:

".1 When depositions may be taken. After commencement of an action in any court, *any party may take the testimony of any person,* including a party, by deposition on oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes.

".2 Scope of examination.

"(1) Persons taking depositions unless for good cause otherwise shown as provided by sub-rules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending action * * * ." (Emphasis added.)

The thrust of the defendants' argument on appeal is that the testimony of Dr. Giese represents privileged information, and the use of the testi-

mony by the plaintiff is foreclosed by the work-product doctrine. We note that an attorney's impressions, mental reflections, conclusions and opinions are protected by the work-product restriction. Furthermore, the situation may arise where an attorney's consultation with an expert contributes to the attorney's conclusions and legal theories so as to encompass the consultation within the work-product restriction. However, the employment of Dr. Giese in the case at bar does not present this situation.

Normally, an expert is not a person "having knowledge of relevant facts" within the meaning of GCR 1963, 302.2. *Klabunde v Stanley,* 384 Mich 276, 282; 181 NW2d 918 (1970). However, upon examining the plaintiff, Dr. Giese became a witness to the nature and extent of the plaintiff's injuries. Having first-hand knowledge, Dr. Giese could then describe what he had seen and give expert inferences therefrom. Such testimony does not fall within any work-product restriction, and therefore the trial court should have granted the plaintiff's motion.

Defendant cites *Lindsay v Lipson,* 367 Mich 1; 116 NW2d 60 (1962), as suggestive of a different result. On its facts *Lindsay* is distinguishable from the case at bar. There the Court held that a physician's examination of the plaintiff as communicated to the plaintiff's attorney in preparation of the plaintiff's case was in essence a communication by the plaintiff to his attorney and was, therefore, protected by the attorney-client privilege. In the present case the medical interpretation of the plaintiff's injuries was communicated to the defendants' attorney in the preparation of the defendants' case and, therefore, no attorney-client privilege attached.

We feel that our decision allowing plaintiff to

depose or subpoena Dr. Giese for trial comports with the enunciated purpose behind liberal discovery as follows:

"Properly employed, discovery conserves judicial resources—by facilitating settlement and by shortening the time it takes to try a case properly prepared for trial. Much of what is laboriously brought out during a trial could be covered by stipulation based on the results of pretrial discovery; by narrowing the disputed issues, this would increase the impact of the competing presentations on the points in dispute.

"It seems to us, having in mind the clogged dockets of our trial courts, that the interest in shortening the interval between the commencement of an action and adjudication requires not only that we allow litigants to require disclosure of the other side's case in advance of trial, but further that in some cases it is the duty of the trial court to insist that the parties employ these and ancillary techniques in an effort to expedite the trial process and to reduce the backlog." *Roe v Cherry-Burrell Corp*, 28 Mich App 42, 53; 184 NW2d 350 (1970).

The plaintiff has raised a collateral question as to whether the testimony of Dr. Giese may be bolstered by the fact that he was originally employed by the defendant. We answer in the negative.

Testimony as to the expert's original employment is not pertinent to any issue presented, and neither party should be bound by the rejected opinions of experts employed by him to assist in evaluating his case. Furthermore, the credibility of a witness generally may not be bolstered until attacked, McCormick, Evidence (2d ed), § 49, p 102, and we see no reason to deviate from the general rule.

Reversed and remanded with directions to the lower court to enter an order allowing the plaintiff to depose or subpoena Dr. Giese for trial.