TROYANOWSKI v VILLAGE OF KENT CITY

Docket Nos. 94053, 95244. Submitted March 2, 1988, at Grand Rapids.
Decided October 11, 1988.

Joseph and Martha B. Troyanowski died when their car collided
with a fire truck owned by Kent County and driven by Charles
Portell, a volunteer fire fighter for the Village of Kent City. At
the time of the accident, Portell was responding to a reported
fire and had both the siren and overhead lights operating. As
the fire truck came up behind it, the Troyanowski vehicle
moved onto the right shoulder of the road but then immedi-
ately pulled back onto the roadway into the path of the fire
truck. There was some dispute as to how close the fire truck
had been to the Troyanowski vehicle before it pulled off the
road. Joseph Troyanowski and others, both individually and as
personal representatives of the estates of Joseph Troyanowski,
deceased, and Martha B. Troyanowski, deceased, filed a wrong-
ful death action against the Village of Kent City, Charles
Portell, Kent County and others in Kent Circuit Court. The
jury returned a verdict of no cause of action and judgment was
entered, George V. Boucher, J. Plaintiffs moved for a new trial
or a judgment notwithstanding the verdict. The motion was
denied. Defendants brought a motion for mediation sanctions
against plaintiffs because they had rejected a mediation award.
The court granted the motion and awarded defendants taxable
costs and attorney fees. Plaintiffs filed separate appeals from
the denial of their motion for a new trial or judgment notwith-
standing the verdict and from the trial court's grant of media-
tion sanctions against plaintiffs. The appeals have been consoli-
dated.

The Court of Appeals *held:*

1. Plaintiffs failed to produce sufficient credible evidence to
support their allegations that the trial court erred in failing to

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 33, 34; Judgments
§§ 106 *et seq.*; New Topic Service, Alternative Dispute Resolution
§ 10; Trial §§ 236, 245.

See the Index to Annotations under Alternative Dispute Resolution;
Argument of Counsel; Judgment Notwithstanding Verdict; Wit-
nesses.

grant a new trial on the basis of misconduct by agents of defendant Kent County. The trial court did not err in denying plaintiffs' motion on this ground.

2. Plaintiffs' contention that defendants' trial counsel was guilty of misconduct requiring a new trial when he referred to uncalled eyewitnesses in his closing argument and, further, that a new trial is required because the judge failed to give a curative instruction regarding the reference is without merit. Counsel's comment was permissible, therefore the curative instruction was properly denied.

3. The court did not err in denying plaintiffs' motion for a new trial or judgment notwithstanding the verdict. The verdict was not against the overwhelming weight of the evidence nor was the evidence so compelling that reasonable men would all conclude that Portell was negligent.

4. The jury's verdict was not invalid as a matter of law. Because there were questions of fact in dispute, it cannot be said that either party was negligent as a matter of law.

5. The trial court did not err in not allowing Trooper Dennis Steendam to testify as to the proper standard of care for a fire truck driver. Plaintiffs failed to make an offer of proof showing that Steendam was qualified to give his opinion on this subject.

6. The court rule which allows the court to award fees for services necessitated by a party's rejection of a mediation award when the verdict is less favorable than the award is not unconstitutional.

7. The trial court did not abuse its discretion in awarding actual attorney fees rather than "reasonable" attorney fees and in including in the award defense fees incurred due to the posttrial evidentiary hearing on plaintiffs' witness obstruction claim and plaintiffs' posttrial motions.

Affirmed.

1. WITNESSES — FAILURE TO CALL WITNESSES — INFERENCES.

Counsel may comment on the failure of the opposing party to call a witness, even where the witness is available to both parties, and the jury may draw an inference against that party.

2. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL.

The standard of review for a trial court's ruling on a motion for judgment notwithstanding the verdict is whether the jury's verdict was against the overwhelming weight of the evidence; the reviewing court should afford deference to the trial court because of its unique qualification to judge the credibility of the witnesses due to the opportunity to see and hear them and

should not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice; when, after the evidence is viewed in a light most favorable to the party opposing the motion, reasonable men could honestly reach different conclusions, the request for a judgment notwithstanding the evidence is properly denied.

3. Witnesses — Lay Witnesses — Opinion Testimony.

A lay witness may offer opinion testimony only where that opinion is rationally based on what the witness perceived (MRE 701).

4. Costs — Mediation — Rejection of Mediation Award — Attorney Fees.

The court rule which allows the court to award fees for services necessitated by a party's rejection of a mediation award when the verdict is less favorable than the award is not unconstitutional (MCR 2.403[O]).

5. Costs — Mediation — Rejection of Mediation Award — Attorney Fees.

The court rules state that attorney fees may be awarded for all services necessitated by the rejection of a mediation award, not just for services performed at the trial itself; fees incurred due to a posttrial evidentiary hearing necessitated by posttrial motions may be included in the award (MCR 2.403).

*Schenk, Boncher & Prasher* (by *Frederick J. Boncher* and *Dan E. Bylenga, Jr.*), for plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Richard A. Kay* and *Jacqueline D. Scott*), for defendants.

Before: Sullivan, P.J., and MacKenzie and G. Schnelz,* JJ.

Per Curiam. Following trial in this wrongful death case, the jury returned a verdict of no cause of action. Plaintiffs' motion for new trial or judgment notwithstanding the verdict was subsequently denied. Plaintiffs appeal as of right

* Circuit judge, sitting on the Court of Appeals by assignment.

(Docket No. 94053). Because plaintiffs rejected a mediation award, defendants brought a motion for mediation sanctions pursuant to MCR 2.403(O). The court granted the motion and awarded defendants taxable costs and attorney fees in the amount of $39,245.25. Plaintiffs also appeal this award as of right (Docket No. 95244). We affirm in both cases.

Plaintiffs' decedents died when their car collided with a fire truck owned by defendant County of Kent and driven by defendant Charles Portell, a volunteer fire fighter for defendant Village of Kent City. At the time of the collision, Portell was responding to a reported fire. Both vehicles were travelling in the same direction. Decedents apparently did not see the truck coming from behind, although Portell operated his lights and had activated his siren. When the truck reached some distance directly behind decedents' vehicle (trial testimony varied, putting the distance anywhere from two feet to five car lengths), the car moved off the roadway and onto the shoulder. It then shot across the road into the path of the fire truck, which had moved into the passing lane.

Plaintiffs first contend that the trial court erred in failing to grant a new trial on the basis of misconduct by agents of defendant Kent County. According to plaintiffs, employees of the Kent County Sheriff's Department attempted to interfere with the testimony of plaintiffs' key witness, Thomas Bereza, a state police sergeant engaged as a private consultant in the area of accident reconstruction. Essentially, plaintiffs claim that sheriff's department employees set off Bereza's chronic heart ailment by making a complaint against him to State Police Internal Affairs at the time Bereza was testifying in this case, thus impeding his

testimony and making him unavailable as a rebuttal witness.

In denying plaintiffs' motion, the court found that there had been no contact by the Kent County Sheriff's Department with the state police until after Bereza testified and that such contact did not amount to intentional interference with a witness. It was also found that at the time the Kent County officer contacted the state police, he had no knowledge of the nature of Bereza's testimony, only that a sheriff's deputy was irritated by it. The court specifically found that any distraction Bereza suffered during trial involved other matters, unrelated to this case. Finally, the judge stated that even if Bereza was under pressure at the time he testified, he was not convinced that such pressure had any effect material to the outcome of the trial.

MCR 2.613(C) requires the reviewing court to affirm the findings of fact made by the trial court unless those findings are clearly erroneous. Clear error occurs when, even though there is evidence to support the finding, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). In applying this standard, the reviewing court is required to give regard to the trial court's opportunity to judge the credibility of the witnesses appearing before it. Having reviewed the documentary evidence and transcripts of the motion hearing, we are of the opinion that plaintiffs failed to produce sufficient credible evidence to support their allegations. We are not convinced that the trial court made a mistake in denying plaintiffs' motion on this ground.

Plaintiffs next contend that defendants' trial counsel was guilty of misconduct requiring a new

trial when he referred to uncalled eyewitnesses in his closing argument and, further, that a new trial is required because the judge failed to give a curative instruction regarding the reference. This argument is also without merit.

Gregory VanHouten, an eyewitness to the accident, was called by plaintiff at trial as an adverse witness since he was also a volunteer fire fighter. It was clear from the testimony at the trial that there was at least one other eyewitness to the accident, a passenger in witness VanHouten's truck, who was not called (and who, we note, could not be examined as an adverse witness). In closing argument, defense counsel said:

> Now, I submit to you that there were other eyewitnesses in this case, and we didn't hear anything from eyewitnesses, other than Charlie Portell and Greg VanHouten, and they placed the distances that the fire truck was behind the car when the car jerked to the right-hand shoulder of the road. I submit to you *if those eyewitnesses had something else to say* about this accident, something different than what Mr. Portell and what Greg VanHouten had to say, they would have been subpoenaed, and they would have been brought into this courtroom, and *they would have testified for the Plaintiffs.* We know what the eyewitness version is in this case. [Emphasis added.]

Plaintiffs cite *Barringer v Arnold,* 358 Mich 594; 101 NW2d 365 (1960), for the proposition that such a comment is improper and requires this Court to reverse the verdict below. That was not the holding of *Barringer,* however. Indeed, within the *Barringer* opinion the Supreme Court made it clear that comment by counsel on the failure of a party to call a witness, regardless of who controls the witness, is not forbidden. *Barringer, supra,* p 604, quoting *Gibbons v Delta Contracting Co,* 301 Mich

638; 4 NW2d 39 (1942). More recently, in *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982), the Supreme Court cited *Barringer* in noting that when a witness is available to either party, counsel may still point out that the opposing party did not call the witness and that the jury may draw an inference against that party. *Id.,* p 109. *Reetz* is dispositive on this issue. Since the comment was permissible, a curative instruction was properly denied.

Plaintiffs also claim that a new trial or judgment notwithstanding the verdict should have been ordered because the jury's verdict was contrary to the evidence. The determination whether to grant a motion for a new trial is within the sound discretion of the trial court. *Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598, 602; 107 NW2d 783 (1961). The standard of review is whether the jury's verdict was against the overwhelming weight of the evidence. *McConnell v Elliott,* 242 Mich 145, 147; 218 NW 653 (1928). The reviewing court should afford deference to the trial court because of its unique qualification to judge the credibility of the witnesses due to the opportunity to see and hear them, *Termaat, supra,* p 602, and should not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice. *Middleton v Smigielski,* 366 Mich 302, 305-306; 115 NW2d 84 (1962). In reviewing a motion for a judgment notwithstanding the verdict, a similar standard is employed. The reviewing court must view the facts, and all the legitimate inferences that may be drawn therefrom, in a light most favorable to the party opposing the motion. *Fitzpatrick v Ritzenhein,* 367 Mich 326, 329; 116 NW2d 894 (1962). If, when the evidence is so viewed, reasonable men could honestly reach different conclusions, then the request for a judg-

ment notwithstanding the verdict was properly
denied. *Ashworth v Detroit,* 293 Mich 397, 400;
292 NW 345 (1940). Here, the verdict was obvi-
ously contrary to plaintiffs' theory that Portell
caused the accident by driving the fire truck too
close to decedents' vehicle. However, viewing the
evidence in a light most favorable to defendants,
the verdict was not against the overwhelming
weight of the evidence nor was the evidence so
compelling that reasonable men would all con-
clude that Portell was negligent. Contrary to
plaintiffs' suggestion, Portell did not admit to be-
ing incompetent or unfamiliar with the truck.
Portell stated he had driven the fire truck involved
on about seventy-five fire calls. Nor did Portell
admit that he overreacted to the call. He testified
that, while the call he received indicated the fire
was a grass fire, there was no information pro-
vided as to whether the fire was a threat to life or
property. Grand Rapids Fire Department Captain
Richard Wheeler testified that responding to a
brush fire is an emergency. Further, both Portell
and Wheeler testified that the training Portell
received for his eventual certification was entirely
low-speed, obstacle course driving, not a simulated
response to a fire alarm. Wheeler also stated that
he did not think that a certified driver would have
done anything different in the same situation.

As to the accident itself, Portell stated that he
was operating both his overhead lights and the
siren as he approached the Troyanowski vehicle,
that he operated the siren starting a quarter mile
back, and that his speed was about forty-five to
fifty miles per hour in a fifty-five mile per hour
zone. Portell testified that he let the motor driven
siren "wind down" for about five seconds and that
he was four or five car lengths behind the Troya-
nowski vehicle when he reapplied the siren. The

Troyanowski vehicle reacted a short time after this second application. When Portell saw the Troyanowski vehicle jerk toward the right shoulder he was still four or five car lengths behind it and immediately entered the left passing lane and applied his brakes. Portell testified that he did not attempt to lock up the brakes because he did not want to lose control of the fire truck. Consistent with Portell's testimony, the officer who made the on-the-scene investigation stated that the collision was completely in the left-hand lane. From all this evidence, the jury could reasonably conclude that Portell was not negligent. The trial court did not err in denying plaintiffs' motions.

Plaintiffs also claim that the jury's verdict was invalid as a matter of law. We disagree. There were two distinct versions of what happened immediately before the accident. Because there were questions of fact in dispute, it cannot be said that either party was negligent as a matter of law. *Luck v Gregory,* 257 Mich 562; 241 NW 862 (1932), relied upon by plaintiffs, is inapposite, since that case concerned a jury instruction on contributory negligence and the sudden peril doctrine. The jury saw and heard the witnesses to determine which version was most likely and decided accordingly. As noted above, this verdict was well within the evidence.

Plaintiffs' next argument involves their unsuccessful attempt to elicit opinion testimony of Trooper Dennis Steendam as to the proper standard of care for a fire truck driver. We find no error. MRE 701 allows a lay witness to offer opinion testimony only where that opinion is rationally based on what the witness perceived. Since opinion regarding standard of care is not based on physical perception, Steendam's testimony was inadmissible under that rule. MRE 702 allows a witness who is

qualified as an expert to give opinion testimony. Here, however, plaintiffs failed to make an offer of proof showing that Steendam was qualified to give his opinion as to the operation of a fire truck en route to a fire. His opinion was therefore properly excluded under MRE 702.

In a related argument, plaintiffs claim that the court's statement in disallowing Steendam's opinion testimony, that "[t]here is no qualification, here, for that kind of testimony," prejudiced their case. The record when read as a whole does not support this contention. It is clear that the court was not commenting on the trooper's qualification to testify, but on his lack of any qualification as an expert on driving a fire truck. We find no prejudicial error.

Finally, plaintiffs contend that the trial court improperly awarded defendants costs and attorney fees under MCR 2.403(O). Initially, they claim that the court rule, which allows the court to award fees for services necessitated by a party's rejection of a mediation award when the verdict is less favorable than the award, is unconstitutional. This Court held to the contrary in *Maple Hill Apartment Co v Stine,* 131 Mich App 371, 375; 346 NW2d 555 (1984), vacated and remanded on other grounds 422 Mich 863 (1985).

Plaintiffs also contend that the trial court abused its discretion in awarding actual attorney fees rather than "reasonable" attorney fees and in including in the award defense fees incurred due to the posttrial evidentiary hearing on plaintiffs' witness obstruction claim and plaintiffs' posttrial motions.

Under the circumstances of this case, we believe the court's award was justified. MCR 2.403 does not limit an award to attorney fees for services

performed at the trial itself. Rather, the rule states that attorney fees may be awarded for *all* services necessitated by the rejection of the mediation award. Here, plaintiffs made posttrial accusations that required a full-scale evidentiary hearing, which never would have arisen had they accepted the mediation award. At the end of the hearing, in which defendants were required to participate, the trial court found no basis for the accusations. Likewise, plaintiffs' postjudgment motions were necessitated by their decision to go to trial. As to plaintiffs' issue of reasonable attorney fees as opposed to actual fees, we find nothing in the plain language of the rule that requires a trial court to find that reasonable fees never amount to actual fees. In this case, the trial court applied the reasonableness factors set forth in *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973), and found defendants' actual fees to be reasonable. On review, the trial court's determination will be upheld absent a finding of abuse of discretion. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). No such abuse of discretion occurred here.

Affirmed.