*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SESHA RAMENADEN,

Plaintiff-Appellant,

v

STEVEN JAMES OLDS and JEANA CHRISTINE
ELMORE,

Defendants-Appellees,

and

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

UNPUBLISHED
November 5, 2020

No. 351526
Oakland Circuit Court
LC No. 2018-164088-NI

Before: BOONSTRA, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

In this third-party no-fault action, plaintiff appeals as of right the trial court's grant of defendants-appellees' (defendants) motion in limine, and the subsequent judgments of no cause of action in their favor. Plaintiff contends on appeal that the trial court should have permitted plaintiff to testify to the fact that he attended two independent medical examinations in which the physicians were retained by defendant Olds, but neither defendant called the physicians to testify. Plaintiff sought to admit that fact into evidence in order to later argue that defendants' failure to call the physicians as witnesses permitted the jury to draw an inference that the physicians' testimony would have been favorable to plaintiff. Given the specific facts of this case, we disagree and affirm.

## I. FACTUAL BACKGROUND

Plaintiff brought this action against defendants after he was rear-ended by defendant Olds on March 13, 2017, and later rear-ended by defendant Elmore on June 8, 2017. Plaintiff contended

-1-

that he sustained permanent neck injuries as a result of the accidents. Prior to trial, defendants brought a motion in limine to exclude plaintiff from referencing two independent medical examinations that the parties did not intend to introduce as evidence. Plaintiff conceded that he had no intention of introducing the substance of the examinations as evidence, but contended that it would be unfair to preclude plaintiff from noting that, at the very least, he attended the medical examinations. The trial court disagreed, noting that plaintiff could simply call the witnesses to testify if he wanted to introduce the evidence, and that the mere fact that plaintiff attended medical examinations absent further information about their results was irrelevant. The court granted defendants' motion.

At trial, plaintiff testified and introduced the testimony of two expert witnesses that were generally favorable to him. Defendants also both testified, and also introduced two expert witnesses that were favorable to them. At the close of proofs, and with defendant Elmore having already admitted negligence, the jury found that defendant Olds had acted negligently in the operation of his vehicle. However, the jury found that neither accident had caused plaintiff's injuries, and subsequently, judgments of no cause of action as to both defendants were entered. Plaintiff now appeals, specifically challenging the trial court's refusal to allow plaintiff to testify that he attended the two additional independent medical examinations that were the basis of defendants' motion in limine.

II. ANALYSIS

We review a trial court's discretionary decision to admit or exclude evidence for an abuse of discretion. *Anderson v Progressive Marathon Ins Co*, 322 Mich App 76, 87; 910 NW2d 691 (2017). "An abuse of discretion occurs when the trial court's decision to admit or exclude evidence falls outside the range of reasonable and principled outcomes." *Id*. However, the trial court's decision on "a close evidentiary question by definition ordinarily cannot be an abuse of discretion." *Id*. (quotation marks and citation omitted). Additionally, errors in the admission or exclusion of evidence will not warrant appellate relief unless the court's decision was "inconsistent with substantial justice," MCR 2.613, or affected "a substantial right of the party," MRE 103(a). See *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004).

"To be admissible, evidence must be relevant." *Rock v Crocker*, 499 Mich 247, 256; 884 NW2d 227 (2016), citing MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. That is, "evidence is admissible if it is helpful in throwing light on any material point." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001).

In this case, plaintiff sought to hold defendants liable for noneconomic losses resulting from the motor vehicle accidents, which, pursuant to MCL 500.3135(1), required him to establish that he "suffered . . . [a] serious impairment of a body function . . . ." A serious impairment of a body function is an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life. MCL 500.3135(5)(a)-(c). Our Supreme Court has expounded on the three requirements of MCL 500.3135(5), noting that the statute requires: "(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance,

or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010).

We conclude that the trial court did not abuse its discretion in determining that whether plaintiff attended two independent medical examinations that were not substantively introduced into evidence was irrelevant to the above factors. There is simply no connection between plaintiff's mere attendance at medical examinations that would make the existence of any of the above prongs more or less probable absent the examinations being substantively introduced in some manner or form, and plaintiff was clear before the trial court that he had no intention to either call the examining physicians to testify or otherwise seek introduction of their reports into evidence. The connection plaintiff seeks to make is that, because the examining physicians were hired by defendant Olds and subsequently not called by either defendant to testify, a reasonable inference can be made that the examinations were unhelpful to the defendants' case. However, and as detailed below, while plaintiff is correct that a party is generally permitted to comment on another party's failure to produce certain evidence, the specific inference plaintiff sought to introduce to the jury in this case was impermissible.

As a preliminary matter, we note that both defendants rely on caselaw concerning the circumstances under which a party may seek a jury instruction regarding adverse presumptions against an opposing party. See *Ward v Consolidated Rail Corp*, 472 Mich 77, 85-86; 693 NW2d 366 (2005); *Lagalo v Allied Corp*, 233 Mich App 514, 519; 592 NW2d 786 (1999). As plaintiff correctly points out, there is a difference between the adverse-presumption jury instruction, and a party's ability to merely suggest to the jury that an inference should be made on the basis of that party's interpretation of the evidence. With respect to the jury instruction, the jury may be instructed that "an adverse inference against a party that has failed to produce evidence" may be drawn where "(1) the evidence was under the party's control and could have been produced; (2) the party lacks a reasonable excuse for its failure to produce the evidence; and (3) the evidence is material, not merely cumulative, and not equally available to the other party." *Ward*, 472 Mich at 85-86. Defendants argue that it was proper to preclude plaintiff from commenting on defendants' failure to call the physicians in questions because plaintiff himself could have called the witnesses. That is, the evidence was not under defendants' exclusive control. Again, however, that element is required to be met before a party is entitled to a jury instruction regarding a presumptive inference, but it is not required when a party merely seeks to comment on the opposing party's failure to produce evidence.

In *Barringer v Arnold*, 358 Mich 594, 596; 101 NW2d 365 (1960), our Supreme Court spoke to the distinction between these two concepts. In *Barringer*, the plaintiff brought suit for personal injuries sustained in an automobile accident. *Id*. When neither party produced the plaintiff's mother to testify as a witness, who was in the backseat of the plaintiff's vehicle at the time of the accident, the trial court gave the following instruction to the jury:

> In this case, the record shows that [the plaintiff's mother] was a passenger in [the plaintiff's] auto at the time of the accident and she has not been produced as a witness nor has her absence been explained. The failure or refusal of a party to produce evidence within his possession or control raises a presumption that the evidence, if produced, would have operated against him and in your deliberation in

this case you are entitled to assume that if [the plaintiff's mother] were produced as a witness, her testimony would be unfavorable to the claim of the plaintiff in this case. [*Id*. at 601.]

Our Supreme Court held that the trial court's instruction was reversible error, noting that the defendant's counsel knew that the plaintiff's mother was a passenger in the vehicle, and "might have subpoenaed her as a witness if they had desired to do so." *Id*. The court noted, "At most it was merely a matter of argument by counsel as to the conclusion that might be drawn from the fact that [the plaintiff's mother] was not produced by either party." *Id*. at 605. That is, in holding that the jury instruction itself was erroneous, our Supreme Court specifically noted that a mere argument by either party to the jury that an inference could be drawn was permissible.

More recently, in *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 109; 330 NW2d 638 (1982), the plaintiff sought to argue that the defendant's witness was lying, and alleged that if the witness was telling the truth, the defendants could have "produced . . . other witnesses to the incident." The Court noted that this was "permissible *even though the same witnesses could have been produced by both parties*." *Id*. (emphasis added). As there was no evidence that the witnesses were not also available to the plaintiff, the defendants also could have argued that the same inference could be drawn against the plaintiff for failing to produce the same witnesses. *Id*. at 109 n 24. In reaching its conclusion, our Supreme Court explicitly noted that "it is legitimate to point out that an opposing party failed to produce evidence that it might have, and consequently the jury may draw an inference against the opposing party." *Id*. at 109.

Our own caselaw has continued to apply this principal. In *Troyanowski v Kent City*, 175 Mich App 217, 222; 437 NW2d 266 (1988), the plaintiff called a witness to testify that alluded to another witness that plaintiff failed to call. During closing argument, the defendant contended that the plaintiff did not call the additional witness because that witness was adverse to the plaintiff's case. *Id*. The plaintiff claimed that defense counsel's statement was erroneous, and sought a curative instruction. *Id*. This Court noted:

> Plaintiffs cite *Barringer v Arnold*, 358 Mich 594, 101 NW2d 365 (1960), for the proposition that such a comment is improper and requires this Court to reverse the verdict below. That was not the holding of *Barringer*, however. Indeed, within the Barringer opinion the Supreme Court made it clear that comment by counsel on the failure of a party to call a witness, regardless of who controls the witness, is not forbidden. *Barringer*, supra, at 604, 101 NW2d 365, quoting *Gibbons v Delta Contracting Co*, 301 Mich 638, 4 NW2d 39 (1942). More recently, in *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 330 NW2d 638 (1982), the Supreme Court cited *Barringer* in noting that when a witness is available to either party, counsel may still point out that the opposing party did not call the witness and that the jury may draw an inference against that party. *Id*. at 109, 330 NW2d 638. *Reetz* is dispositive on this issue. Since the comment was permissible, a curative instruction was properly denied. [*Troyanowski*, 175 Mich App at 222.]

Even more recently, in *Kubisz v Cadillac Gage Textron, Inc*, 236 Mich App 629; 601 NW2d 160 (1999), overruled on separate grounds by *Ormsby v Capital Welding, Inc*, 471 Mich 45, 684 NW2d 320 (2004), this Court quoted *Reetz* and noted that "it is legitimate to point out that an opposing

party failed to produce evidence that it might have, and consequently the jury may draw an inference against the opposing party."

In short, plaintiff is correct that he should not be prohibited from raising the argument that defendants' failure to call certain witness could give rise to an inference that those witnesses were adverse to defendants' case. In the same vein, defendants would be entitled to make the same argument regarding plaintiff's failure to call those witnesses. However, also central to plaintiff's argument for the admission of the evidence in this case is the fact that the independent medical examiners at issue were retained by defendant Olds. In light of the trial court's conclusion that plaintiff's mere attendance at the medical examinations was irrelevant, plaintiff sought to make the information more relevant by also introducing the fact that the physicians were initially obtained by Olds. This is not a permissible practice.

This Court has held that "[t]estimony as to [an] expert's original employment is not pertinent to any issue presented, and neither party should be bound by the rejected opinions of experts employed by him to assist in evaluating his case." *Kissel v Nelson Packing Co*, 87 Mich App 1, 5; 273 NW2d 102 (1978). We further noted that "the credibility of a witness generally may not be bolstered until attacked, McCormick, Evidence (2d ed.), § 49, p 102, and [saw] no reason to deviate from th[at] general rule." *Id*. See also *Laudenslager v Covert*, 163 Mich App 484, 489-490; 415 NW2d 254 (1987) (noting that the plaintiff in that case was only permitted to disclose that certain experts had been originally retained by defendants because defendants had attempted to impeach the expert through bias). In a more recent unpublished case, we affirmed this principle and noted that the trial court did not abuse its discretion in prohibiting a plaintiff from disclosing the original employment of an expert where the defendant had never attempted to impeach the expert's credibility. *Anderson v Senger*, unpublished per curiam opinion of the Court of Appeals, issued July 26, 2007 (Docket No. 266941), p 5, citing *Kissel*, 87 Mich App at 5.

With all of the above in mind, we cannot conclude that the trial court abused its discretion in prohibiting introduction of the evidence that plaintiff attended the medical examinations on the basis of relevance. Plaintiff is adamant in his brief on appeal that the value of that evidence stems directly from the fact that the medical examiners were originally retained by defendant, which is itself evidence that would have been inadmissible. *Kissel*, 87 Mich App at 5. Moreover, even were plaintiff to change his position and seek introduction of evidence that plaintiff attended the medical examinations without also introducing the fact that the physicians were retained by defendant Olds, plaintiff still cannot establish that the trial court abused its discretion in excluding the evidence on the basis of its irrelevance. At best, it was a close evidentiary issue that this Court should not overturn. *Anderson*, 322 Mich App at 87. At worst, exclusion of the fact that plaintiff attended two medical examinations that neither party sought to substantively introduce at trial did not affect plaintiff's substantial rights, MRE 103(a), and was not inconsistent with substantial justice, MCR 2.613, because it had little to no bearing on the question of whether plaintiff sustained a serious impairment of body function.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Karen M. Fort Hood