SCHEFSKY v EVENING NEWS ASSOCIATION

Docket No. 96517. Submitted March 17, 1988, at Detroit. Decided June 7, 1988.

Frederick W. Schefsky and his wife, Lea Schefsky, filed suit against The Evening News Association (ENA) and others in Wayne Circuit Court claiming that Frederick Schefsky, a pressman for ENA, suffered injuries allegedly caused by the inhalation of toxic chemical fumes while using solvents during the course of his employment while attempting to clean printing presses. ENA moved for summary disposition on the ground that the court lacked subject matter jurisdiction on the basis that the exclusive remedy provision of the Workers' Disability Compensation Act protected it from liability for Mr. Schefsky's injuries. Plaintiffs argued that ENA's acts constituted an intentional tort and alleged a breach of contract based on ENA's failure to have provided safe working conditions. The court, John H. Gillis, Jr., J., granted summary disposition in favor of ENA. Plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court did not err in granting summary disposition in favor of ENA because plaintiffs did not plead that ENA specifically intended to injure Mr. Schefsky, i.e., that ENA had actual knowledge that an injury was certain to occur. Furthermore, plaintiffs failed to assert that ENA had actual knowledge that an injury, such as chemical asthma or any other serious or permanent respiratory disease, was certain to occur following exposure to the solvents used for cleaning ENA's presses. Plaintiffs' pleading sets forth a cause of action sounding in negligence which is barred by the exclusive remedy provision of the workers' compensation act.

2. Plaintiffs failed to avoid the effect of the exclusive remedy provision of the workers' compensation act by way of setting forth an adequate claim for breach of contract. The trial court did not err in granting summary disposition in favor of ENA.

Affirmed.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 34, 55-58.

See the Index to Annotations under Election of Remedies; Workers' Compensation.

1. WORKERS' COMPENSATION — INTENTIONAL TORTS — EXCLUSIVE REMEDY.

An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the workers' compensation act; an intentional tort exists only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury; an employer is deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge (MCL 418.131; MSA 17.237[131]).

2. STATUTES — RETROACTIVITY.

A statute which operates in furtherance of a remedy already existing and which neither creates new rights nor destroys existing rights is held to operate retroactively unless a contrary legislative intent is manifested.

3. WORKERS' COMPENSATION — NEGLIGENCE — CONTRACTS — EXCLUSIVE REMEDY.

An allegation by a worker that an injury resulted from an employer's failure to provide safe working conditions is essentially a claim that the injury was a result of the employer's negligence and as such is barred by the exclusive remedy provision of the workers' compensation act, even where the claim is cast in the form of some kind of a breach of contract (MCL 418.131; MSA 17.237[131]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnik* (by *Richard E. Shaw*), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *Daniel P. Malone* and *Darlene M. Domanik*), for defendant.

Before: WAHLS, P.J., and R. M. MAHER and G. S. ALLEN,* JJ.

WAHLS, P.J. Plaintiffs, Frederick W. Schefsky, Jr., and his wife, Lea Schefsky, appeal as of right from an October 21, 1986, order of the Wayne

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Circuit Court granting summary disposition under MCR 2.116(C)(4) in favor of defendant The Evening News Association (ENA). We affirm.

The record reveals that on April 1, 1986, plaintiffs filed suit against ENA and ten other companies for injuries suffered by Frederick W. Schefsky, Jr. (plaintiff), alleged to have been caused by the inhalation of toxic chemical fumes while at work. Specifically, plaintiff, employed as a pressman for ENA, claimed to have sustained chemical asthma as a result of having used certain solvents during the course of his employment while attempting to clean printing presses. Plaintiffs asserted in their complaint that defendant knew these solvents were dangerous, especially when used in confined areas, but withheld this information from plaintiff by removing the solvents from their original containers, to which were attached pertinent warning labels.

On June 27, 1986, ENA moved for summary disposition under MCR 2.116(C)(4)—lack of subject matter jurisdiction—on the basis that the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), protected it from liability for plaintiff's injuries. On August 26, 1986, plaintiffs moved to amend their complaint to "conform with [their] new discovery" that certain of "defendant's acts were extreme and outrageous thereby contributing [sic] an intentional tort" and to allege a breach of contract based on ENA's failure to have provided safe working conditions. ENA asserted, in response, that any amendment to plaintiffs' complaint would be futile because "all of plaintiff's pending theories of recovery . . . fall squarely within the scope of the [exclusive remedy provision of the] WDCA." Hearings on ENA's motion were conducted on October 3 and 17, 1986. At the first hearing, the trial

court granted summary disposition in favor of ENA regarding plaintiffs' original complaint. At the second hearing, the court granted plaintiffs' motion to amend their complaint, and then granted summary disposition in favor of ENA regarding plaintiffs' amended complaint. An order reflecting the court's action at these hearings was entered on October 21, 1986, and plaintiffs filed the instant appeal.

On appeal, plaintiffs first argue that the trial court erred in finding that their claim of intentional tort against ENA was barred by the exclusive remedy provision of the WDCA. That provision states that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." In an opinion released on December 23, 1986, the Supreme Court held that the exclusive remedy provision of the WDCA does not bar an action by an employee for an intentional tort by an employer and that whether a tort was intentional should be determined by applying a "substantial certainty" standard, i.e., by discerning whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur. *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986). Plaintiffs, in their brief on appeal, maintain that they successfully pleaded facts in fulfillment of the *Beauchamp* standard.

After *Beauchamp* was decided, the Legislature amended the exclusive remedy provision of the WDCA in 1987 PA 28, which was approved and filed on May 14, 1987, and ordered to take immediate effect. The amended provision, which specifically includes an exception for the intentional torts of employers, states:

The right to the recovery of benefits as provided

in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

ENA, in its brief on appeal, asserts, as a threshold matter, that the amended statutory language is retrospectively applicable in this case because it is both remedial and procedural in nature. We agree that the amendment should be applied in this case because it is remedial or procedural in nature. The amendatory language was apparently enacted to clarify the legislative intent on a matter which, prior to *Beauchamp,* had created controversy at the appellate level of the judiciary in this state. See *Beauchamp, supra,* p 11, and cases cited therein. It is apparent to us that the amendatory language was prompted by the desire to correct or clarify the existing uncertainty regarding the original act. See *Nelson v Roscommon Co Road Comm,* 117 Mich App 125, 130; 323 NW2d 621 (1982); *Romein v General Motors Corp,* 168 Mich App 444; 425 NW2d 174 (1988). Moreover, the amended statute, by its own terms, specifies that "[t]his subsection shall not enlarge or reduce rights under law," suggesting that the amendment is procedural in nature. A statute which operates in furtherance of a remedy already existing and which neither creates new rights nor destroys existing rights is held to operate retroactively unless a

contrary legislative intent is manifested. *Allstate Ins Co v Faulhaber*, 157 Mich App 164, 167; 403 NW2d 527 (1987); *Joe Dwyer, Inc v Jaguar Cars, Inc*, 167 Mich App 672, 681; 423 NW2d 311 (1988).

Applying the amendatory language to the case at bar, we find that the trial court did not err in granting summary disposition in favor of ENA because plaintiffs did not plead that ENA specifically intended to injure plaintiff, i.e., that ENA had actual knowledge that an injury was certain to occur. Indeed, in their brief on appeal, plaintiffs concede that "[d]efendant [ENA] may not have specifically intended plaintiff's illness." Nor do plaintiffs assert that ENA had actual knowledge that an injury, such as chemical asthma or any other serious or permanent respiratory disease, was certain to occur following exposure to the solvents used for cleaning ENA's presses. Indeed, in this regard, we observe that plaintiffs failed to meet even the "substantial certainty" standard set forth in *Beauchamp*. During the *Beauchamp* Court's extended discussion on the meaning of "substantial certainty," it used, among other examples, two cases in which a substantial certainty of injury could probably be found. 427 Mich 23-24. In both cases, the employers had received repeated warnings and complaints from employees or authorities regarding the danger certain work conditions posed to employees. These warnings and complaints, which served to put the employers on notice that a specific type of injury to an employee was virtually inevitable without corrective measures being taken, went unheeded. In the instant case, there were no such repeated warnings, and plaintiffs had not stated what, if any, warnings pertinent to this case were purportedly concealed by ENA or otherwise known to it. In sum, we view plaintiffs' pleading as setting forth a cause of

action sounding in negligence which is barred by the exclusive remedy provision of the WDCA.

Second, plaintiffs argue on appeal that the trial court erred in finding that their breach of contract cause of action is barred by the exclusive remedy provision of the WDCA. In plaintiffs' one-half-page brief on this issue, it is argued that an employer's breach of its duty to provide safe working conditions "contravenes public policy, and is thus beyond the parameters of the WDCA." Although we are not averse in the proper case to cite public policy as a rationale for reaching a certain result, in the present case judicial precedent and statutory law preclude us from doing so. As already noted, the exclusive remedy provision of the WDCA specifies that, with the sole exception of intentional torts, the benefits as provided in the act are the employee's exclusive remedy for a personal injury or occupational disease. Thus, an employee cannot merely label his tort cause of action as a contract claim and expect to avoid the consequence of the exclusive remedy provision. Moreover, in *Beauchamp, supra,* pp 26-27, so heavily relied upon by plaintiffs in their claim of intentional tort, the Court stated:

> The second issue presented is whether the exclusivity provision of the workers' compensation act precludes a common-law civil action by an employee who alleges that his employer breached a contractual promise to provide safe working conditions.
>
> A claim that an injury is caused by failure to provide safe working conditions is essentially a recasting in contract form of a claim that the employee was injured by the employer's negligence. It is not even a recasting in contract form of an intentional tort. The workers' compensation act provides a quid pro quo for accidental injury.

Limited but certain compensation for accidental injuries caused by unsafe working conditions has been substituted for the right to sue for accidental injuries caused by unsafe working conditions. Allowing a civil action as well as compensation for an injury caused by failure to provide safe working conditions would alter the balance struck by the legislation.

The trial court granted defendant's summary judgment motion regarding Beauchamp's contract claim. The Court of Appeals reversed relying on its decision in *Milton v Oakland Co.*[73] The Court of Appeals in *Milton* allowed a civil action for contract claims involving the right to recover for violations of the merit system, not for contract claims involving injuries covered by the workers' compensation act. The Court of Appeals misinterpreted the holding in *Milton.* An allegation that an injury resulted from an employer's failure to provide safe working conditions is exactly what is covered by the workers' compensation act. It is essentially a claim that the employee was injured by the employer's negligence. We hold that the "all-inclusive character of the exclusiveness principle results in barring actions for covered injuries even though the plaintiff casts his action in the form of a breach of some kind of contract."[74]

---

[73] 50 Mich App 279, 283-284; 213 NW2d 250 (1973).

[74] 2A Larson, Workmen's Compensation Law, § 65.38, p 12-23. It is noteworthy that the common-law obligation, whether in tort or in implied contract, and the statutory MIOSHA obligation to provide workplace safety are all obligations imposed by law. It is clear there is no private right of action for MIOSHA violations. See, e.g., *White v Chrysler Corp,* 421 Mich 192, 199; 364 NW2d 619 (1984). We think, therefore, it is questionable, apart from the exclusivity provision, whether a claim of a workplace safety violation that might have been actionable before MIOSHA would be presently actionable. To hold it to be actionable, would permit, somewhat by indirection, that which the MIOSHA does not allow.

---

See also *Benson v Dep't of Management & Budget,* 168 Mich App 302; 424 NW2d 40 (1988). Although

a claim based on the breach of an *express* contract to provide safe working conditions may survive a challenge based on the exclusive remedy provision, *id.; Dagen v Village of Baldwin,* 159 Mich App 620, 628; 406 NW2d 889 (1987), plaintiffs in this case have not alleged that ENA expressly promised specifically to safeguard plaintiff from the inhalation of chemical fumes which could cause asthma or any other serious or permanent respiratory disease or injury or promised generally to provide plaintiff with safe working conditions. Thus, we conclude that plaintiffs failed to avoid the effect of the exclusive remedy provision of the WDCA by way of setting forth an adequate claim for breach of contract.

Accordingly, we hold that the trial court did not err by granting summary disposition in favor of ENA.

Affirmed.