861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorna S. DROUILLARD and Stephen M. Drouillard, Plaintiffs-Appellants,
v.
ROCHE BIOMEDICAL LABORATORIES, INC., a New Jersey
corporation, Defendant- Appellee.
 No. 88-1094.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Lorna S. Drouillard and Stephen M. Drouillard ("plaintiffs") appeal the judgment of the district court dismissing plaintiffs' claims against defendant-appellee Roche Biomedical Laboratories, Inc. ("RBL" or "defendant"), a New Jersey corporation, pursuant to Fed.R.Civ.P. 12(b)(6) in this diversity action alleging an intentional tort and loss of consortium. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 Plaintiffs commenced the present case on May 13, 1987, by filing a complaint in the Wayne County Circuit Court, Wayne County, Michigan; however, RBL removed the case to the district court pursuant to 28 U.S.C. Sec. 1441(a). Defendant filed an answer to plaintiffs' complaint on July 13, 1987, and then moved to dismiss under Rule 12(b)(6) on November 6, 1987.[1]
 
 
 3
 RBL argued that plaintiff Lorna S. Drouillard's intentional tort claim against RBL, her employer, was barred by the exclusivity provision of the Michigan Worker's Disability Compensation Act ("the MWDCA" or "the Act"), Mich.Comp.Laws Ann. Sec. 418.131 (West 1985). As to plaintiff Stephen M. Drouillard's loss of consortium claim, RBL argued that his claim, a derivative claim, should also be dismissed pursuant to Rule 12(b)(6).
 
 
 4
 Plaintiffs responded to defendant's dismissal motion, but on December 21, 1987, after argument, the district court ruled that plaintiffs' action should be dismissed for failure to state a claim upon which relief can be granted because plaintiffs' exclusive remedy was under the MWDCA. The court also denied a motion by plaintiffs' counsel for leave to amend the complaint. On December 22, 1987, the district court entered final judgment dismissing plaintiffs' action with prejudice. This timely appeal followed:
 
 II.
 
 5
 As plaintiffs' claims were dismissed on the pleadings, this court must accept as true the well-pleaded allegations of plaintiffs' complaint and construe the complaint liberally in the light most favorable to plaintiffs. Conley v. Gibson, 355 U.S. 41 (1957). Plaintiff Lorna S. Drouillard worked as a laboratory technician for RBL from February 1986 through October 1986. In this position, plaintiff routinely handled blood samples for testing purposes, and a significant percentage of these blood samples were infected with hepatitis B. Plaintiff was diagnosed in October 1986 as infected with hepatitis B and alleges she has been disabled as a result of the disease, suffering serious and permanent injury. She alleges that RBL never provided her with hepatitis B vaccine.
 
 
 6
 Plaintiffs' raised three counts in their complaint; Count I alleged that RBL had fraudulently misrepresented to plaintiff Lorna S. Drouillard the hazards and dangers to which she was exposed in the course of her employment. Count II alleged that RBL committed the intentional tort of battery by failing to provide a safe working environment. Plaintiffs asserted that RBL's failure to inoculate plaintiff created a substantial certainty that plaintiff would contract an infectious disease. Count III of plaintiffs' complaint was the loss of consortium claim on behalf of Stephen M. Drouillard.
 
 
 7
 Shortly after RBL filed its motion to dismiss, plaintiffs voluntarily withdrew their fraudulent misrepresentation count. As indicated, however, the district court dismissed Counts II and III for failure to state a claim upon which relief can be granted, as the court found those claims barred under Mich.Comp.Laws Ann. Sec. 418.131.
 
 III.
 
 8
 In applying state law, as we must in this diversity action, see Erie R.R. v. Tompkins, 304 U.S. 64 (1938), we apply the law as it stands when an action is before us, not as it stood when decided by the district court. Awrey v. Progressive Casualty Ins. Co., 728 F.2d 352, 354 (6th Cir.1984) ("[W]e must apply the law of Michigan as it now stands, rather than as it stood at the time this case was decided in the District Court."), cert. denied, 474 U.S. 920 (1985). See also Foster v. Caterpillar Tractor Co., 714 F.2d 654 (6th Cir.1983). The only exception to this rule exists where the state courts themselves would not apply new state law because, for example, some provision in the state's constitution prohibits retroactive application. See, e.g., Pratt v. National Distillers & Chem. Corp., 853 F.2d 1329 (6th Cir.1988).
 
 
 9
 In ruling on the present case, the district court referred to the decision of the Supreme Court of Michigan in Beauchamp v. Dow Chem. Co., 427 Mich. 1, 398 N.W.2d 882 (1986), wherein the court recognized that the MWDCA's exclusive remedy provision "does not bar an employee's intentional tort action against the employer." Id. at 11, 398 N.W.2d at 886 (emphasis supplied). The court defined "intentional tort" as follows:
 
 
 10
 An intentional tort "is not ... limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." It does not matter whether the employer wishes the injury would not occur or does not care whether it occurs. If the injury is substantially certain to occur as a consequence of actions the employer intended, the employer is deemed to have intended the injuries as well.
 
 
 11
 Beauchamp, 427 Mich. at 21-22, 298 N.W.2d at 891-92 (quoting Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981)).
 
 
 12
 On May 14, 1987, just one day after plaintiffs filed their complaint, and after the Supreme Court of Michigan's decision in Beauchamp, an amendment to the MWDCA was adopted and ordered to take immediate effect by the Michigan legislature. The amended statute provides as follows:
 
 
 13
 The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under the law.
 
 
 14
 Mich.Comp.Laws Ann. Sec. 418.131(1) (West Supp.1988) (amendments underlined).
 
 
 15
 The Court of Appeals of Michigan recently discussed the effect of this amendment to Mich.Comp.Law Ann. Sec. 418.131(1) in Schefsky v. Evening News Ass'n., 169 Mich.App. 223, 425 N.W.2d 768 (1988). The court in Schefsky first addressed the issue of whether the amendment can be retroactively applied to cases pending at the time of its enactment. The court stated that the amendatory language was adopted by the legislature "to correct or clarify the existing uncertainty" regarding the original statute. Id. at 227, 425 N.W.2d at 770. Concluding that the amendment is therefore "remedial or procedural in nature," the court found that the amendment should be retroactively applied. Id. The court then applied the new statute to the case before it and held that "because plaintiffs did not plead that [defendant] specifically intended to injure plaintiff, i.e., that [defendant] had actual knowledge that an injury was certain to occur," the trial court properly granted summary judgment. Id. at 228, 425 N.W.2d at 771.
 
 
 16
 Applying the amended statute to the present case, we conclude that the district court properly dismissed the plaintiffs' complaint. Plaintiffs' allegations, even construed in the light most favorable to them, cannot amount to more than a claim for gross negligence.[2] Plaintiffs' claim, reduced to its essentials, is that Lorna S. Drouillard incurred her injury because of a failure by her employer to require safety procedures; viz., innoculation. A failure to provide safe working conditions is not an intentional tort. See Boyer v. Louisville Ladder Co., 157 Mich.App. 716, 719, 403 N.W.2d 210, 211 ("failure to provide safe working conditions is essentially a claim that [plaintiff] was injured by the employer's negligence,"), appeal denied, 428 Mich. 905 (1987); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).[3] Thus, the district court properly found plaintiffs' claim barred by the exclusivity provision of the MWDCA.
 
 IV.
 
 17
 Accordingly, for the reasons stated, the judgment of the district court dismissing plaintiffs' complaint is AFFIRMED.[4]
 
 
 
 [1]
 Although styled as a motion under Rule 12(b)(6), defendant's motion actually is for judgment on the pleadings under Rule 12(c). Our standard of review, however, is the same. See Morgan v. Church's Fried Chicken, 829 F.2d 10 (6th Cir.1987)
 
 
 [2]
 We therefore also affirm the district court's ruling denying plaintiffs' motion to amend their complaint since "it is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir.1986)
 
 
 [3]
 Although both Boyer and Morgan were decided under Beauchamp v. Dow Chem. Co., supra, we note that the amendment to the MWDCA indicates it was not intended to "enlarge or reduce rights under the law," and, thus, we find these pre-amendment decisions relevant
 
 
 [4]
 RBL has moved for an award of its costs and attorneys' fees under Fed.R.App.P. 38, asserting that plaintiffs' appeal is frivolous. Sanctions under Rule 38 are proper "when the appeal is frivolous, or taken merely for purposes of delay, involving an issue or issues already 'clearly resolved.' " Martin v. IRS, 756 F.2d 38, 41 (6th Cir.1985) (quoting Ueckert v. Commissioner, 721 F.2d 248 (8th Cir.1983)). We do not believe plaintiffs' appeal meets this rigorous standard and thus deny defendant's motion