### TEMPLE v H J HEINZ COMPANY

Docket No. 107023. Submitted July 20, 1989, at Grand Rapids. Decided September 6, 1989.

Jerry Temple sustained injury in the course of employment with H.J. Heinz Company on August 6, 1984. Temple brought an intentional tort claim against his employer in the Ottawa Circuit Court on May 7, 1987. In bringing the action, plaintiff had relied on *Beauchamp v Dow Chemical Co,* 427 Mich 1 (1986), wherein the Supreme Court held that the "substantial certainty" standard is to be used in determining whether an employer, notwithstanding the exclusive remedy provision of the Workers' Disability Compensation Act, can be held liable for an intentional tort committed against its employee. The standard is whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur. On May 14, 1987, the Legislature enacted 1987 PA 28, which amended the exclusive remedy provision of the WDCA so that an employer can be held liable for an intentional tort committed against an employee only where the injury was the result of a deliberate act of the employer and the employer specifically intended an injury. H.J. Heinz Company moved for summary disposition in its favor, contending that the amendment to the exclusive remedy provision of the WDCA has retrospective application to plaintiff's claim. The trial court, Calvin L. Bosman, J., granted the motion. Plaintiff appealed.

The Court of Appeals *held:*

The amendment was procedural in nature and was prompted by the Legislature's desire to correct or clarify uncertainty regarding the original act. The amendment therefore operates retroactively.

Affirmed.

WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL TORT EXCEPTION.

1987 PA 28, which amended the exclusive remedy provision of

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 233 *et seq.*

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.

the Workers' Disability Compensation Act so as to provide that the intentional tort exception applies only where the injury was the result of a deliberate act of the employer and the employer specifically intended an injury, has retrospective application to causes of action accruing before the act's May 14, 1987, effective date (1987 PA 28; MCL 418.131; MSA 17.237[131]).

*James K. Oslund,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Plaintiff was injured on August 6, 1984, while in the course of his employment with the defendant. Relying on the "substantial certainty" standard articulated in *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986), plaintiff filed a complaint on May 7, 1987, alleging an intentional tort. On May 14, 1987, the Legislature, in 1987 PA 28, amended the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237 (131), which effectively reversed *Beauchamp.* Defendant then moved for summary disposition arguing that the amendment should be given retrospective effect, thereby eliminating plaintiff's claim. Summary disposition was granted. Plaintiff appeals as of right.

We follow our Court's previous decision in *Schefsky v The Evening News Ass'n,* 169 Mich App 223, 227-228; 425 NW2d 768 (1988), which held that the amendment operates retroactively since it is procedural in nature, as by its terms "[t]his subsection shall not enlarge or reduce rights under law," and was apparently prompted by the Legislature's desire to correct or clarify uncertainty regarding the

original act. See also *Bowden v McAndrew,* 173 Mich App 591, 595; 434 NW2d 195 (1988), lv den 432 Mich 917 (1989).

Additionally, we find the holding of *Schefsky* unchanged by our Supreme Court's recent plurality decision in *White v General Motors Corp,* 431 Mich 387; 429 NW2d 576 (1988), which essentially held that 1980 PA 357, effective January 1, 1982, amending MCL 418.373; MSA 17.237(373) of the WDCA, operated prospectively only for injuries occurring on or after the effective date. The Court found that the amendment to § 373 affected substantive rights under the act by changing the standard of disability which an employee who retires and receives a nondisability pension must meet to receive workers' compensation benefits. Specifically, the amended language of that section stated in pertinent part: "This standard *supersedes* other applicable standards used to determine disability under either this chapter or chapter 4." [Emphasis added.]

In contrast, the above-cited amendatory language of § 131 evidences a legislative intent only to clarify the original intent of the act by correcting a perceived misinterpretation in *Beauchamp,* and leaving the act itself substantively unaltered.

Affirmed.