SHIPMAN v FONTAINE TRUCK EQUIPMENT COMPANY

Docket Nos. 113012, 113675. Submitted March 14, 1990, at Lansing.
   Decided April 20, 1990. Leave to appeal applied for.

   Roger Shipman, an employee of Uckele Animal Health Distribut-
   ing, Inc., was injured when he stepped through a hole that had
   been cut into a protective grating over one of the augers on the
   feed trailer on which he was working. The grating had been cut
   a year earlier by a mechanic to gain access to the malfunction-
   ing auger and had not been repaired or replaced. Although
   there was an access door to the auger, it was hidden by a metal
   shield bolted onto the trailer and the mechanic, after looking in
   the manufacturer's manual for the trailer, found no indication
   of the access door and concluded it was necessary to cut the
   grating to gain access to the auger. Other employees of Uckele
   who were present at the time concurred in the decision to cut
   the grating. Shipman and his wife, Annette Shipman, filed suit
   against Fontaine Truck Equipment Company, the manufac-
   turer of the trailer, and Blatchford Diesel Field Service, whose
   employee cut the grating, in Lenawee Circuit Court alleging,
   inter alia, negligence and breach of implied and express war-
   ranties on a theory of defective design and failure to warn or
   instruct with respect to the safe use, maintenance and opera-
   tion of the trailer. Uckele was later joined as a third-party
   defendant under the theory that it was aware of the danger
   posed by the cut grating and knew with substantial certainty
   that injury would occur, thereby subjecting it to intentional
   tort liability. Following a jury trial, plaintiffs were awarded
   $500,000 in damages, of which Fontaine was liable for $50,000,
   Blatchford $150,000, and Uckele $300,000. The court, Kenneth
   B. Glaser, J., granted judgment notwithstanding the verdict in
   favor of both Fontaine and Uckele. Other posttrial motions by
   Fontaine were denied. Fontaine and the Shipmans both ap-

REFERENCES

Am Jur 2d, Products Liability §§ 267, 334, 335; Workmen's Compen-
   sation §§ 50, 55.
Products liability: alteration of product after it leaves hands of
   manufacturer or seller as affecting liability for product-caused
   harm. 41 ALR3d 1251.

pealed the decisions of the court. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court erred in concluding that Uckele's violation of its statutory duty to provide a safe work place was unforeseeable as a matter of law, and that Fontaine therefore was absolved of any liability for Shipman's injury. The design of the trailer was such that both the removal of the floor grating and use of the trailer with the floor grating out of place were foreseeable from the manufacturer's standpoint. Under these circumstances, the existence of an employer's safety violation would not be considered unforeseeable as a matter of law so as to relieve a manufacturer of liability for an injury caused by its otherwise defective product.

2. The cutting of the grating did not serve to sever the connection between Fontaine's negligence and plaintiff's injury because the cutting of the grating was reasonably foreseeable. Furthermore, where a product is unreasonably dangerous, a manufacturer's duty to warn users of the dangers associated with the use of its product includes a duty to warn of foreseeable misuses. The court erred in granting judgment notwithstanding the verdict in favor of Fontaine. The order granting judgment notwithstanding the verdict in favor of Fontaine is reversed.

3. The trial court correctly determined that a 1987 amendment to the exclusive remedy provision of the Workers' Disability Compensation Act which specifically provides for an intentional tort exception retroactively applies to this case, that under that amendment Uckele was not liable for an intentional tort, and that, therefore, Uckele was entitled to judgment notwithstanding the verdict. The order granting Uckele's motion for judgment notwithstanding the verdict is affirmed.

Affirmed in part and reversed in part.

1. PRODUCTS LIABILITY — EMPLOYER'S FAILURE TO PROVIDE SAFE WORK PLACE.

An employer's violation of its duty to provide a safe work place is not, as a matter of law, unforeseeable to the manufacturer of a product used by the employer so as to absolve the manufacturer of liability for injuries caused by its otherwise defective product.

2. PRODUCTS LIABILITY — ALTERATIONS OF PRODUCTS — UNREASONABLY DANGEROUS PRODUCTS — FORESEEABLE MISUSE OF PRODUCT — DUTY TO WARN.

Liability for harm caused by a product may not be imposed upon

the manufacturer or seller of the product where the defect was created by an alteration which amounts to an intervening or superseding cause; however, an intervening act will not sever the connection between a defendant's negligence and a plaintiff's injury if such intervening act was reasonably foreseeable; further, where a product is unreasonably dangerous, a manufacturer's duty to warn users of the dangers associated with the use of its product includes a duty to warn of foreseeable misuses.

3. APPEAL — INJECTION OF NEW ISSUES.

Appellees wishing to challenge rulings adverse to them should do so directly by way of a cross appeal; issues newly injected in an answering brief are not properly before the Court on appeal.

4. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL TORT EXCEPTION.

1987 PA 28, which amended the exclusive remedy provision of the Workers' Disability Compensation Act so as to provide that the intentional tort exception applies only where the injury was the result of a deliberate act of the employer and the employer specifically intended an injury, has retrospective application to causes of action accruing before the act's May 14, 1987, effective date (1987 PA 28; MCL 418.131; MSA 17.237[131]).

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Lee A. Stevens* and *Mark F. Miller*), for plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Richard A. Glaser, William P. Shield, Jr.,* and *Mark K. Riashi*), for Fontaine Truck Equipment Company.

*Foster, Swift, Collins & Coey, P.C.* (by *Scott A. Storey*), for Uckele Animal Health Distributing, Inc.

Before: HOOD, P.J., and MAHER and CYNAR, JJ.

PER CURIAM. This is a products liability action involving consolidated appeals as of right. After a jury returned a verdict awarding plaintiffs $500,000

in damages, the trial court granted judgment notwithstanding the verdict in favor of defendant and third-party plaintiff Fontaine Truck Equipment Company. Plaintiffs appeal as of right from this order. In a separate appeal, Fontaine appeals as of right from an order granting judgment notwithstanding the verdict in favor of third-party defendant Uckele Animal Health Distributing, Inc. We affirm in part and reverse in part.

I

Plaintiff Roger Shipman was injured in June, 1984, while working on a feed trailer owned by his employer, third-party defendant Uckele Animal Health Distributing, Inc. The trailer was designed and manufactured by defendant Fontaine for purposes of hauling bulk and bag feed. It was equipped with several augers for moving the bulk feed, through a chute, from the trailer into a farmer's feed bin. The augers are located beneath the trailer's floor, which contains several steel grates with openings that allow the feed to flow to the augers. The plaintiff's injury occurred when he stepped through a hole that had been cut into one of the protective gratings over one of the augers. The hole had been cut more than one year earlier by defendant Gary Blatchford, who was called to repair an auger which had ceased functioning. After deciding that a bearing needed to be replaced, Blatchford searched for an access door to the auger. After looking in the manual supplied by Fontaine, he found no indication of an access door and concluded that it was necessary to cut the grating to gain access to the auger. The employees of Uckele who were present concurred in the decision to cut the hole. After the auger was fixed, the hole in the grating was not repaired.

After plaintiff was injured, it was discovered that the manufacturer had built an access door into the trailer, however, this door was hidden by a metal shield which was bolted onto the trailer. Although Blatchford would have discovered the access door had he removed the shield, there was no sign on the shield indicating that removal was necessary.

On March 29, 1985, plaintiffs commenced the instant action alleging negligence and breach of both implied and express warranties against Fontaine. Plaintiffs based their claims on a theory of defective design as well as a failure to warn or instruct with respect to the safe use, maintenance and operation of the trailer. The complaint also included a negligence claim against Blatchford. Additionally, a loss of consortium claim was filed on behalf of plaintiff Annette Shipman. Uckele was later joined as a third-party defendant under the theory that it was aware of the danger posed by the missing grate and knew with substantial certainty that injury would occur, thereby subjecting it to intentional tort liability pursuant to *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986).

Following a jury trial, plaintiffs were awarded $500,000 in damages. The jury affixed the percentage of fault as follows: (1) Fontaine—ten percent; (2) Blatchford—thirty percent; and (3) Uckele—sixty percent. Following trial, however, the trial court granted judgment notwithstanding the verdict in favor of both Fontaine and third-party defendant Uckele. Other posttrial motions brought by Fontaine were denied. Posttrial motions brought by defendant Blatchford were also denied and Blatchford has not appealed those rulings.

II

Plaintiffs argue the trial court erred when it

granted Fontaine's motion for judgment notwithstanding the verdict. In reviewing a trial court's decision on a motion for judgment notwithstanding the verdict, this Court must view the facts and all legitimate inferences in a light most favorable to the nonmoving party. *Troyanowski v Village of Kent City,* 175 Mich App 217, 223; 437 NW2d 266 (1988). If reasonable persons could honestly reach different conclusions, the motion should be denied. *Id.*

It is clear that a manufacturer has a duty to design its products so as to eliminate any unreasonable risk of foreseeable injury. *Prentis v Yale Mfg Co,* 421 Mich 670, 692-693; 365 NW2d 176 (1984). Where a manufacturer fails to exercise such duty with reasonable care, it may be liable for negligence. *Id.*

Evidence was presented at trial indicating that it was foreseeable that a mechanic would remove the floor grate under the circumstances that existed in the case and that it was also foreseeable that the floor grate might not be replaced, thereby rendering the trailer unreasonably dangerous. There was also evidence presented that Uckele's use of the trailer without a full grate in place violated OSHA/ MIOSHA safety regulations.

In this case, the trial court's order granting judgment notwithstanding the verdict in favor of Fontaine was not based upon a lack of evidentiary support for plaintiffs' claims. In fact, the trial court specifically denied Fontaine's request for a judgment notwithstanding the verdict based upon a great weight of the evidence theory. Rather, the trial court, relying on *Fredericks v General Motors Corp,* 411 Mich 712; 311 NW2d 725 (1981), concluded that Uckele's violation of its statutory duty

to provide a safe work place was unforeseeable as a matter of law, so as to absolve Fontaine of any liability for an injury arising from the use of its product.

In *Fredericks,* the plaintiff was injured in a press accident and sued the supplier of an unguarded die. The unguarded die was harmless by itself until integrated into a larger multipurpose press system of the user. The Court noted that, once integrated, there were numerous methods of safeguarding the system such that an unguarded die would not be dangerous if appropriate guarding on the press machine was provided. Noting that the employer has a statutory duty to provide a safe work place, the Court held:

> In light of this statutory duty . . . we cannot hold as a matter of law that it was foreseeable to defendant that the product it supplied would be used in an unsafe manner rendering it defective. [411 Mich 720-721.]

In *Villar v E W Bliss Co,* 134 Mich App 116, 121; 350 NW2d 920 (1984), lv den 422 Mich 871 (1985), also involving a press accident, this Court followed *Fredericks,* stating:

> [A]bsent evidence that defendant knew or had specific reason to know that the original purchaser would use the press unsafely, it had no duty to provide safety devices not ordered by that purchaser.

Contrary to the trial court's interpretation, we do not interpret these decisions as standing for the proposition that an employer's violation of its duty to provide a safe work place is unforeseeable as a matter of law, so as to always absolve the manufacturer of liability for injuries caused by its un-

safe product. Instead, our reading of the decisions suggests that where there is evidence presented of the manufacturer's knowledge of unsafe use, or that unsafe use is foreseeable, liability is not precluded. This interpretation is supported by this Court's recent decision in *Wessels v E W Bliss Co, Inc,* 180 Mich App 440, 443; 447 NW2d 758 (1989), wherein the Court stated:

> Our reading of *Villar* suggests that three criteria must be satisfied before its holding may be successfully invoked: (1) the press must be inoperable until it is integrated by the user (employer of the injured plaintiff) into its manufacturing processes, (2) the user, as the plaintiff's employer, owes the plaintiff a duty to provide a safe workplace pursuant to MCL 408.1011; MSA 17.50(11), and (3) the specific unsafe application of the press causing the accident was not foreseeable from the manufacturer's standpoint.

In this case, Fontaine's product was a fully integrated product rather than a component part required to be integrated into a larger system of the user. Thus, the first criterion has not been satisfied. Additionally, as the trial court noted, there was evidence that the design of the trailer was such that both the removal of the floor grating and use of the trailer with the floor grating out of place were foreseeable from the manufacturer's standpoint. Therefore, under these circumstances, the existence of an employer's safety violation would not be considered unforeseeable as a matter of law so as to relieve a manufacturer of liability for an injury caused by its otherwise defective product. Accordingly, we find that the trial court erred when it concluded that Uckele's unsafe use of the trailer was unforeseeable as a matter of law.

Fontaine argues that judgment notwithstanding

the verdict was nevertheless proper because the defect was created by an alteration to its product which amounts to an intervening or superseding cause. *Trotter v Hamill Mfg Co,* 143 Mich App 593, 601; 372 NW2d 622 (1985), lv den 424 Mich 882 (1986). However, an intervening act will not sever the connection between a defendant's negligence and a plaintiff's injury if such intervening act was reasonably foreseeable. *Scott v Allen Bradley Co,* 139 Mich App 665, 672; 362 NW2d 734 (1984). Further, where a product is unreasonably dangerous, a manufacturer's duty to warn users of the dangers associated with the use of its product includes a duty to warn of foreseeable misuses. *Antcliff v State Employees Credit Union,* 414 Mich 624, 638; 327 NW2d 814 (1982), reh den 417 Mich 1103 (1983).

Accordingly, for the reasons discussed above, we find that the trial court erred in granting judgment notwithstanding the verdict in favor of defendant Fontaine. The order is therefore reversed.

III

Fontaine argues that in the event this Court determines it was not entitled to a judgment notwithstanding the verdict, a new trial should be granted because plaintiffs failed to supplement discovery responses and also because of improper jury instructions during trial. These issues were separately raised, addressed and rejected at the trial court level. They have not been cross-appealed. Accordingly, they are not properly before this Court and will not be addressed. *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

IV

Finally, we address Fontaine's appeal from the trial court's order granting Uckele's motion for judgment notwithstanding the verdict. Plaintiffs have not appealed this ruling.

Through 1987 PA 28, the Legislature amended the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), so as to specifically provide for an intentional tort exception. In doing so, they rejected the "substantially certain" test previously announced in *Beauchamp, supra,* and adopted the more rigorous "true intentional tort" test as the proper test for determining the presence of an intentional tort. In *Schefsky v Evening News Ass'n,* 169 Mich App 223; 425 NW2d 768 (1988), this Court held that 1987 PA 28 was to be applied retroactively. Relying on *Schefsky,* the trial court in this case granted Uckele's motion for judgment notwithstanding the verdict, holding, as a matter of law, that Uckele was not liable for an intentional tort under 1987 PA 28.

In its brief on appeal, Fontaine states, "In this appeal, Fontaine does not contend that Uckele's action or inaction, with respect to the Shipman accident, constitutes an intentional tort [presumably under 1987 PA 28]. However, Fontaine disputes that the 1987 amendment to Section 131 of the Workers' Compensation Act may be applied retrospectively and urges this Court to hold that the amended § 131 may only apply prospectively." We decline the invitation. Instead, we agree with *Schefsky,* and the decisions following it, that the amendment operates retroactively. See *Temple v H J Heinz Co,* 180 Mich App 138, 139; 446 NW2d 869 (1989); *Bowden v McAndrew,* 173 Mich App 591, 595; 434 NW2d 195 (1988). Accordingly, be-

cause we find that the trial court's reliance on *Schefsky* was proper, and because the merits of the trial court's ruling on the intentional tort issue are not being challenged, further review of this issue is unnecessary. The order granting Uckele's motion for judgment notwithstanding the verdict is therefore affirmed.

Affirmed in part and reversed in part.