KUDZIA v CARBOLOY DIVISION OF GENERAL ELECTRIC
COMPANY

Docket No. 114052. Submitted February 5, 1991, at Detroit. Decided
    March 21, 1991; approved for publication July 11, 1991, at 9:10
    A.M. Leave to appeal sought.

Edward and Virginia Kudzia brought an action in the Macomb
    Circuit Court against the Carboloy Division of General Electric
    Company and various suppliers of cobalt to Carboloy, alleging
    damages arising out of Edward's exposure to cobalt in the
    course of his employment with Carboloy. The trial court,
    George R. Deneweth, J., granted summary disposition for Car-
    boloy on the basis of the exclusive remedy provision of the
    Workers' Disability Compensation Act, holding that the plain-
    tiffs failed to establish the intentional tort exception, and for
    the suppliers on the basis that they had no duty to warn.
    Plaintiffs appealed.

    The Court of Appeals *held:*

    1. The 1987 amendment of the exclusive remedy provision
    relating to the intentional tort exception is to be retroactively
    applied. Plaintiffs failed to plead facts establishing an inten-
    tional tort within the meaning of the amendment; thus, sum-
    mary disposition for the employer was proper.

    2. The cobalt suppliers owed no duty to warn Carboloy's
    employees of the dangers of cobalt because it was a sophisti-
    cated user of cobalt and in the best position to warn of cobalt's
    dangers.

    Affirmed.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helve-
ston & Waldman, P.C.* (by *John L. Zorza, II,* and
*Berry P. Waldman*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *B. I. Stnnczyk, Er-
nest R. Bazzana,* and *Richard A. Dinon*), for Gen-
eral Electric Company.

*Blum, Konheim, Elkin & Blum* (by *Irving R.
Blum*), for Metallurgical Industries, Inc.

*Timothy D. Wittlinger* and *Bradley A. Carl* (*Arent, Fox, Kinter, Plotkin & Kahn,* by *Michael Evan Jaffe* and *Elizabeth R. Mueller,* of Counsel), for Outokumpu Metals (USA) Inc.

*Thurswell, Chayet & Weiner* (by *Cary M. Makrouer*), for Herman C. Stark, Inc.

*Petersmarck, Callahan, Bauer & Maxwell, P.C.* (by *Neal W. Bauer* and *Richard W. West*), for G.T.E. Products Corporation.

Before: WEAVER, P.J., and GILLIS and WAHLS, JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's orders granting defendants-appellees' motions for summary disposition. We affirm.

Plaintiff Edward Kudzia has hard metals disease, which he claims developed while working with cobalt during his thirty-year tenure, ending in 1986, with defendant-appellee Carboloy Division of General Electric Company. The remaining defendants-appellees supplied the cobalt to Carboloy.

Plaintiffs sued Carboloy under the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act. Plaintiffs sued the remaining defendants-appellees, claiming that they owed plaintiff Edward Kudzia a duty to warn him of the dangers of their product. Plaintiff Virginia Kudzia's claim is a derivative one for loss of consortium; therefore, whenever plaintiff is used singularly in this opinion, it will refer to plaintiff Edward Kudzia.

The circuit court granted Carboloy's motion for summary disposition, holding that plaintiff's claim against his employer was barred by the exclusive remedy provision of the Workers' Disability Com-

pensation Act. MCL 418.131(1); MSA 17.237(131) (1). In so doing, the court relied on *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986).

The circuit court granted the remaining defendants-appellees' motion for summary disposition, holding that they had no duty to warn because Carboloy was a sophisticated user of cobalt and was in the best position to warn of cobalt's dangers.

On appeal, plaintiffs first claim that the circuit court erred in granting Carboloy's motion for summary disposition, arguing that they pleaded facts in avoidance of the exclusive remedy provision pursuant to *Beauchamp.* Plaintiffs further argue that the Legislature's 1987 amendment of MCL 418.131(1); MSA 17.237(131)(1) should apply prospectively and did not change the *Beauchamp* standard. This Court, when presented with the issue, has consistently held that the 1987 amendment applies retroactively. *Shipman v Fontaine Truck Equipment Co,* 184 Mich 706, 715; 459 NW2d 30 (1990); *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 102-103; 457 NW2d 68 (1990); *Pawlak v Redox Corp,* 182 Mich App 758, 767-768; 453 NW2d 304 (1990); *Temple v H J Heinz Co,* 180 Mich App 138, 139-140; 446 NW2d 869 (1989); *Bowden v McAndrew,* 173 Mich App 591, 595; 434 NW2d 195 (1988); *Schefsky v Evening News Ass'n,* 169 Mich App 223, 227-228; 425 NW2d 768 (1988). We agree with those cases. We further reject plaintiff's argument that the amendment was consistent with *Beauchamp*'s interpretation of the prior statutory language. Having reviewed plaintiffs' complaint, we hold that they have not pleaded a cause of action under the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation

Act. MCL 418.131(1); MSA 17.237(131)(1). *Schefsky, supra.* Because the circuit court reached the correct result, we affirm its decision on this issue.

Plaintiffs also claim that the circuit court improperly granted the motions for summary disposition of the remaining defendants-appellees, holding that they had no duty to warn because Carboloy was a sophisticated user of cobalt and was in the best position to warn of cobalt's dangers. In doing so, plaintiffs argue that this Court's opinion in *Tasca v GTE Products Corp,* 175 Mich App 617; 438 NW2d 625 (1988), was wrong. We disagree and believe that *Tasca's* reasoning is equally applicable to this case. We further note that *Tasca* is not in conflict with *Pettis v Nalco Chemical Co,* 150 Mich App 294; 388 NW2d 343 (1986), in which this issue was not directly raised.

Affirmed.