## SMITH v MIRROR LITE COMPANY

Docket No. 128654. Submitted May 7, 1992, at Detroit. Decided June 17, 1992; approved for publication September 30, 1992, at 9:25 A.M.

Kimberly A. Smith brought an action in the Wayne Circuit Court against Mirror Lite Company, her employer, seeking damages for the loss of several fingers in a work-related accident involving a punch press from which the safety guards had been removed. The defendant moved for summary disposition, contending that the plaintiff's exclusive remedy was workers' compensation because the factual allegations of her complaint were insufficient to state a claim of intentional tort and that the action was barred by the two-year statute of limitations that applies to claims of assault and battery. The court, Claudia House Morcom, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. Pursuant to MCL 418.131(1); MSA 17.237(131)(1), the right to recover workers' compensation benefits is the exclusive remedy of an employee for occupational injury or disease, unless the employer has committed an intentional tort. An intentional tort exists only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended the injury. An employer is deemed to have intended to injure if it had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. In this case, the allegation that the defendant violated its own rules against removal of safety guards was insufficient to establish that the defendant had actual knowledge that injury was certain to occur as a result of the removal of the guards. Remand is required to allow the plaintiff to amend her complaint. If on remand the plaintiff does not amend her complaint or the complaint after amendment does not sufficiently allege an intent to injure on the defendant's part, summary disposition should be granted for the defendant on the ground that the plaintiff has failed to state a claim on which relief can be granted.

2. The plaintiff's action seeks recovery for personal injury rather than assault and battery, and therefore is subject to a

three-year statute of limitations, MCL 600.5805(8); MSA 27A.5805(8).

Reversed and remanded for further proceedings.

*Woll, Crowley, Berman, Olsman & Nolan, P.C.* (by *Sandra L. Ganos*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendant.

Before: SAWYER, P.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. Defendant appeals by leave granted from an April 17, 1990, order denying summary disposition pursuant to MCR 2.116(C)(7) and (8). Plaintiff filed suit against defendant, her employer, alleging that, as a result of defendant's intentional and wilful misconduct, she suffered the loss of the ring and small fingers of both hands while operating a punch press at her place of employment. On appeal, defendant claims that the trial court erred in denying its motion for summary disposition because (1) the facts alleged by plaintiff are not sufficient to constitute an intentional tort, and (2) the claim is barred by the statute of limitations. We reverse.

Plaintiff's complaint alleges that she was directed by her foreman to operate a particular punch press from which the safety guards had been removed and in which a die from another punch press was inserted. The alterations were apparently made in order to maximize production. Plaintiff's fingers were amputated when her hands were caught in the press.

Plaintiff filed suit against defendant, alleging wilful, reckless, and wanton conduct, as well as gross negligence, in allowing safety devices to be removed from the punch press and in wilfully

allowing the press to be operated without such safety devices. The substance of plaintiff's complaint charges defendant with wilful conduct with intent to injure under § 131(1) of the Workers' Disability Compensation Act (WDCA), MCL 418.131(1); MSA 17.237(131)(1), which provides in part:

> An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge.

The right to recover benefits under the WDCA is the exclusive remedy of an employee against an employer for personal injury or occupational disease. MCL 418.131; MSA 17.237(131). The exclusive remedy provision does not apply, however, to claims arising from intentional torts. *Pawlak v Redox Corp,* 182 Mich App 758, 766-767; 453 NW2d 304 (1990).

To avoid the exclusive remedy provision through the intentional tort exception, there must be a deliberate act by the employer and a specific intent that there be an injury. Specific intent is established if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 105; 457 NW2d 68 (1990).[1] To support such conclusions, a

[1] 1987 PA 28 amended the exclusive remedy provision of the WDCA. Before the amendment, whether a tort was intentional was determined by applying the "substantial certainty" standard, i.e., whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur. This Court has consistently held that the amendment applies retroactively. See, e.g., *Kudzia v Carboloy Division of General Electric Co,* 190 Mich App 285,

plaintiff must be able to allege a specific danger known to the employer that was certain to result in an injury and must allege that the employer required the plaintiff to work in the face of the danger. *Id.* Whether the facts alleged by the plaintiff are sufficient to constitute an intentional tort is a question of law for the court, and whether the facts are as the plaintiff alleges is a question for the jury. *Adams v Shepherd Products, US, Inc,* 187 Mich App 695, 696-697; 468 NW2d 332 (1991).

Plaintiff alleged that defendant had knowledge that the punch press could (1) malfunction and double press and (2) recycle unexpectedly without the safety guards. An examination of the pleadings reveals that plaintiff failed to state a claim upon which relief can be granted. Regarding defendant's intent, the pleadings contain mere conclusions that are unsupported by allegations of fact. Such conclusions are insufficient to permit an inference that defendant specifically intended to injure plaintiff, i.e., that defendant had actual knowledge that injury was certain to occur because of removal of the safety guards. *Schefsky v Evening News Ass'n,* 169 Mich App 223; 425 NW2d 768 (1988); *Calladine v Dana Corp,* 679 F Supp 700 (ED Mich, 1988). Although the complaint indicates substantive allegations that could be interpreted as showing a deliberate act of the employer, none relate to a specific intent to injure or actual knowledge that an injury was certain to occur.

Plaintiff places great emphasis on the fact that defendant violated its own safety rule prohibiting the operation of machinery without safety guards. Plaintiff uses this assertion to argue that defen-

287; 475 NW2d 371 (1991); *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706; 459 NW2d 30 (1990); *McNees, supra; Pawlak, supra; Temple v H J Heinz Co,* 180 Mich App 138; 446 NW2d 869 (1990).

dant had actual knowledge that an injury would occur without such guards. However, in *Sewell v Bathey Mfg Co,* 103 Mich App 732, 739; 303 NW2d 876 (1981), this Court held:

> [E]ven intentional torts of an employer, including those which would subject said employer to civil or criminal sanctions under [the Michigan Occupational Health and Safety Act], in no way affect the application of the exclusive-remedy provision to the injuries sustained in the case at bar. Case law is consonant with the purport of this statute insofar as it concerns a violation of another act of the Legislature not being an adequate ground for circumventing the exclusive-remedy provision.

Plaintiff did not allege that the removal of the safety guards violated MIOSHA rules, but rather that defendant's own rules were violated. Defendant's promulgation of rules regarding the use of safety guards to prevent potential injury does not necessarily lead to an inference that defendant had actual knowledge that injury was certain to occur. Plaintiff did not allege any previous incidents in which employees either were injured or came close to being injured as a result of lack of safety guards. Thus, plaintiff presented no allegations that would amount to actual knowledge that injury was certain to occur and that would circumvent the exclusive remedy provision. Absent such allegations, summary disposition pursuant to MCR 2.116(C)(8) is appropriate.

In this case, however, the trial court denied defendant's motion for summary disposition. Consequently, a motion to amend the pleadings was not brought in the trial court. MCR 2.116(I)(5); MCR 2.118. Therefore, we remand for plaintiff to

have an opportunity to amend her complaint to clearly state her cause of action within sixty days of the release of this opinion. If the amended pleadings before the court do not state a claim upon which relief can be granted, or if plaintiff does not choose to amend the complaint, an order granting summary disposition pursuant to MCR 2.116(C)(8) is to be granted.

We will briefly address defendant's second issue in the event plaintiff chooses to amend her complaint in the trial court. Defendant argues that plaintiff's claim is subject to the two-year statute of limitations that applies to assault and battery.[2] MCL 600.5805(2); MSA 27A.5805(2). We disagree. Plaintiff's claim was brought as an action to recover for injury to a person, and therefore is subject to a three-year statute of limitations. MCL 600.5805(8); MSA 27A.5805(8).[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

[2] Defendant cites only one federal case in support of its position that "a claim that an employer knowingly exposed an employee to a hazardous working condition constitutes a claim for intentional assault." *Calladine v Dana Corp,* 679 F Supp 700 (ED Mich, 1988). However, the complaint in *Calladine* specifically alleged intentional assault. In this case, plaintiff alleged intentional injury, not intentional assault.

[3] This section has been interpreted to impose a three-year period of limitation in all actions for injury to person or property whether they sound in contract or tort. *Employers Mutual Casualty Co v Petroleum Equipment, Inc,* 190 Mich App 57, 63-64; 475 NW2d 418 (1991).